STATE MEDICAL SOCIETY OF WISCONSIN, Appellant, v.
MANSON, Commissioner of Insurance, Respondent.

*June 2—June 30, 1964.*

404

For the appellant there were briefs by *Murphy, Stolper & Desmond* of Madison, and *John A. Kluwin* and *Kluwin, Dunphy, Hankin & Hayes,* all of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *George Thompson,* attorney general, and *Elliot N. Walstead* of Madison, special counsel, and oral argument by *Daniel T. Flaherty* of La Crosse.

GORDON, J. The two principal problems presented by this appeal are (1) whether a podiatrist is a "licensed physician and surgeon" and (2) whether the Commissioner of Insurance was authorized to determine that the policies of the Wisconsin Physicians Service are vague regarding the exclusion of the services of podiatrists.

### 1. *Is a Podiatrist a Physician?*

The trial court concluded that a podiatrist is not a "licensed physician and surgeon," and we fully agree with that conclusion. There are several references to the term "physician" in the Wisconsin Statutes. Sec. 990.01 (28), Stats., provides as follows:

*"Physician, surgeon or osteopath.* 'Physician,' 'surgeon' or 'osteopath' means a person holding a license or certificate of registration from the state board of medical examiners."

In connection with fee splitting, the word "physician" is defined in sec. 147.225 (4) (b), Stats.:

" 'Physician' means an individual holding an unlimited license to practice medicine and surgery in Wisconsin."

Ch. 148, Stats., authorizes the State Medical Society to establish a health insurance plan, and sec. 148.03 (1) provides in part as follows:

"Any person covered by or insured under such plan shall be free to choose for sickness care any medical or osteopathic physician licensed to practice in Wisconsin who has agreed to abide by such plan according to its terms and no such physician or osteopath shall be required to participate exclusively in any such plan."

The practice of podiatry is considered in ch. 154, Stats. Sec. 154.01 expressly forecloses a podiatrist from employing "major surgery or the use of a general anesthetic." It also limits the area of treatment to the feet, except that treatment shall include "the tendons and muscles of the lower leg insofar as they shall be involved in the conditions of the feet."

Sec. 154.04, Stats., authorizes the state board of medical examiners to issue a certificate of registration to a podiatrist who is properly qualified. A podiatrist thus receives a certificate of registration rather than a license. Although not referring to podiatrists, sec. 147.17 (1) provides in part as follows:

"No certificate of registration shall be considered equivalent to a license."

The policies issued by the appellant limit benefits to services rendered by *licensed* physicians.

The foregoing consideration of the statutory expressions necessitates the conclusion that a podiatrist is not a "licensed physician and surgeon" in Wisconsin. Even in the absence of such clarifying statutory language, we would conclude that the aforesaid quoted words, given their ordinary meaning, refer to licensed medical doctors and doctors of osteopathy, to the exclusion of others who may treat the sick but are not, in common parlance, regarded as physicians and surgeons. In our opinion, podiatry is one of the groups excluded when the ordinary and natural meaning of the words is applied.

A consideration of the case law tends to substantiate this conclusion. A comparable problem was considered by the West Virginia supreme court, which decided that a chiropodist was not a licensed physician under the statutes of that state. *Medical Care v. Chiropody Asso.* (1956), 141 W. Va. 741, 93 S. E. (2d) 38. The court further concluded that reimbursement for the services of a chiropodist was not provided by the health insurance plan which was operated primarily by licensed physicians in that state.

*Isaacson v. Wisconsin Casualty Asso.* (1925), 187 Wis. 25, 30, 203 N. W. 918, examined the issue of whether a chiropractor was a "legally qualified physician" under the terms of a policy of insurance. The court concluded that the term "physician" was "applicable to one who practices medicine" and did not include a chiropractor.

The respondent brings to our attention the case of *Raynor v. State* (1885), 62 Wis. 289, 296, 22 N. W. 430. There it was held that a homeopathic physician could not be convicted for a violation of a statute which prohibited one from using the title "doctor" without having a diploma from a duly incorporated medical society or college and without being a member of a state or county medical society. The *Raynor Case* was a criminal case, and it related to a type of service which was far more common in 1885 than it is today. It should also be noted that in 1885 physicians were not licensed. In our opinion, the *Raynor Case* is not controlling in the case at bar.

## 2. Are the Policies Misleading?

The commissioner urges that the policies of the Wisconsin Physicians Service are sufficiently misleading so that he was obligated in the furtherance of his statutory duties to require that the policies spell out the exclusion of the services of podiatrists in more express terminology. In our opinion, the policies are clear with regard to this exclusion,

and it would be inappropriate for the commissioner to require further definition by the appellant.

We recognize that under secs. 148.03 (2) and 200.26 (6), Stats., the Commissioner of Insurance. may, after a hearing and notice, withdraw his approval of any provision in an insurance policy even though he has previously approved thereof. This action may be taken if the provision is unfair, misleading, or encourages misrepresentation of the insurance contract. See also sec. 201.045 (1). Notwithstanding these powers, it would be error for the commissioner to require that the State Medical Society insert in its policies an exclusionary clause for podiatrists; the legislature in sec. 148.03 authorized the creation of a sickness-care plan wherein reimbursement would be limited to "any medical or osteopathic physician licensed to practice in Wisconsin."

The existing insurance policies reasonably follow the statutory language; they are not deceptive or misleading regarding the denial of reimbursement for the services of podiatrists. They may not be construed to provide benefits for the services rendered by podiatrists.

*By the Court.*—Order overruling the demurrer to the answer reversed. Judgment reversed, and cause remanded with directions to enter a judgment granting declaratory relief to the appellant.