THE INSURANCE COMMISSIONERS OF IND. *v.*
MUTUAL MEDICAL INSURANCE, INC., ET AL.

[No. 30,735. Filed October 25, 1968.]

*Cassatt Martz, Robert C. Walsman,* and *Martz, Beattey & Wallace,* of counsel, of Indianapolis, for appellant, Indiana State Podiatrists' Association, Inc.

*John J. Dillon,* Attorney General, *Virginia Dill McCarty,* and *Douglas B. McFadden,* Deputy Attorneys General, for appellant.

*Byron Emswiller,* and *Albert W. Ewbank,* of Indianapolis, for appellee, Mutual Medical Insurance, Inc.

LEWIS, C. J.—This appeal is brought by the Insurance Commissioner of Indiana and the Indiana State Podiatrists' Association, Inc. from the judgment of the Marion County Superior Court, Number Four, which vacated an order of the Insurance Commissioner. The action originated with the filing of a complaint by the Podiatrists' Association against the appellees before the Insurance Commissioner in April of 1963. Essentially the complaint alleged that certain insurance policies of the appellees under the applicable insurance laws of Indiana illegally exclude from compensation scheduled services, when said services are performed by podiatrists.

After a "show cause" notice issued by the Commissioner, a hearing was held and the Commissioner entered his finding and order, which, in part, reads:

"4. The Respondents, up to and including the 21st day of May, 1963, refused to compensate legally qualified podiatrists for the performance of scheduled podiatry services upon their insureds, on the basis of provisions contained within their accident and sickness policies or contracts; and such refusal was solely by reason of the fact that none of such podiatrists held unlimited licenses to practice medicine in the State of Indiana.

. . .

Under the provisions of the Statutory Law and the Public Policy of the State of Indiana the Commissioner herewith further finds that no accident and sickness insurance . . . shall use restrictive terms or language, nor be construed to use restrictive terms or language, which defeats or tends to defeat the insured's right of reimbursement for medical or surgical services covered in the policy when those services are rendered by a person duly qualified under the law of the State of Indiana to perform such services.

The herein aforesaid Public Policy of this State is, that payment of a claim for compensation for scheduled services performed by licensed practitioners, including podiatrists, must be conditioned solely upon the occurrence of the scheduled services and not upon who performs the services. . . ."

On appeal to the Marion County Superior Court, No. 4, this judgment was vacated pursuant to Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3018, which provides, in part, as follows:

". . . If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. . . ."

The Trial Court found the decision of the Insurance Commissioner to be arbitrary and capricious, contrary to constitutional right, in excess of statutory authority and unsupported by substantial evidence. In a lengthy assignment of errors, appellants essentially challenge the conclusions of law rendered by the Superior Court pursuant to the review by this Court granted in Burns' Indiana Statutes, Anno., (1961 Repl.), § 39-5309. Appellants additionally argue that the Superior Court erred in overruling the motion to dismiss the appellees' appeal in the lower court filed by one of the appellants, the Podiatrists' Association. Appellees have argued, as they did both before the Commissioner and the Superior Court, that appellant Podiatrists' Association, which instituted this legal action, has no justiciable interest in the controversy. Accordingly, they argue that because appellants had no legal standing as a party to the issues before the administrative agency, it was in no position to assert errors on review. See *Town of Windfall City* v. *First National Bank* (1909), 172 Ind. 679, 89 N. E. 311.

The clash of these two arguments raises two questions of first impression for this Court. *First.*—May an administrative Agency entertain a hearing on a complaint brought by a complainant who has no justiciable interest in the alleged unlawful action charged? *Second.*—May a complainant, who has no legal standing to sue, become a party to the administrative proceeding with legal standing on appellate review?

It is clear that the Indiana Podiatrists' Association, Inc., would have no legal standing to sue on the legality of the restrictive provisions of the appellees' insurance contracts in a court of law. It asserted no other justiciable, legally protected right under the insurance policy provisions. There-

fore, appellees filed a motion to dismiss in response to the Commissioner's show cause order, alleging that the complainant-appellant was not the real party in interest. We resolve, however, that the Commissioner properly overruled the motion to dismiss the complaint.

The Insurance Law and the Administrative Adjudication Act do not contemplate the proposition that a complaint must be filed by a party with legal standing to invoke the jurisdiction of the Insurance Commissioner to review the legality of insurance policy provisions. Burns' Indiana Statutes, Anno., (1965 Repl.), § 39-4251, and Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3006. The personal merit, standing or legal interests and motives of a private complainant under these statutory provisions, are immaterial to the jurisdiction of the Insurance Commissioner, if the practice complained of is one in which the public generally has an interest. As a consequence, where a complaint is found to be of public interest generally, the nature of the interest of the complainant is insignificant and the hearing on the issues may stand as if brought by the Commissioner on his own motion.

While the administrative agency has jurisdiction to conduct a hearing on the practices complained of, it does not follow that the complainant becomes a party to the action. The Administrative Adjudication Act, Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3001, *et seq.,* makes no explicit explanation of who shall qualify as parties to administrative hearings and determinations. Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3004, states:

> "The agency shall afford all *interested* persons or parties the right and opportunity for the settlement or adjustment of all claims, controversies and issues, when such persons or parties desire such opportunity." (Emphasis added.)

In construing the above statutory requirement, it is important to consider the term "interested" in light of the nature

of many administrative proceedings, which often are adjudications of *public* rather than *private* rights.

Legal standing to sue, an element of justiciability, is one of the judiciary's primary guarantees for an adversary proceeding. It is argued that to read into administrative proceedings the exacting requirements of standing would be to ignore both the specific provision which permits the Commissioner to invoke jurisdiction on his own motion and the general philosophy of the Administrative Adjudication Act, which expressly rejects many strict common-law judicial requirements. We note that these factors are persuasive arguments for flexible intervention and amicus curiae practices. They do not, however, lead to the conclusion, as is advocated in the instant case: that one may become a party to a proceeding without legal standing.

Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3014, sets forth who may seek judicial review of administrative determinations:

"Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review. . . ."

Justiciability as the primary guarantee of our adversary system and as a protection against collusive suits cannot be, and under the Administrative Act, *supra*, is not, abandoned on appellate review. It is equally clear that *all parties* before the Commissioner must be represented on appeal to assure an effective and complete review. Therefore, we are compelled to hold that this State's rules of standing (Burns' Indiana Statutes, Anno., [1967 Repl.], § 2-201, *et seq.,) are applicable* to administrative proceedings; and that the Indiana State Podiatrists' Association, Inc., was not a party to the hearing herein reviewed. As a consequence, appellant-Podiatrists' Association (whose briefs we have considered only in the nature of an amicus curiae) could not assign errors below or properly file a motion to dismiss, thereby rendering

the assignment of error on the overruling of the Podiatrists' motion below improperly founded.

The Commissioner ruled the appellees' policy provisions, which limit compensable scheduled injuries to those treated by physicians holding an unlimited license to practice medicine, to be in contravention of Burns' Indiana Statutes, Anno., (1965 Repl.), § 39-4253, Par. A, Section 9; Burns' Indiana Statutes, Anno., (1965 Repl.), § 39-4260, Par. C; Burns' Indiana Statutes, Anno., (1965 Repl.), § 39-4251; and Burns' Indiana Statutes, Anno., (1965 Repl.), § 39-5304, Par. (a) Sec. 7 (b). These statutes respectively, in part, provide:

"Subject to any written direction of the insured in the application or otherwise all or a portion of any indemnities provided by this policy on account of hospital, nursing, medical, or surgical services may, . . . be paid directly to the hospital or person rendering such services; *but it is not required that the service be rendered by a particular hospital or person*" (Emphasis added).

". . . [B]ut the policy *may not require* that the service be rendered by a *particular* hospital or person. . . ." (Emphasis added).

"The Commissioner may . . . disapprove such form . . . if in the case of an individual or group accident and sickness form it contains a provision or provisions which are unjust, unfair, inequitable, misleading, deceptive or encourage misrepresentation of such policy. . . ."

"The following are hereby defined as unfair methods of competition and *unfair* and *deceptive acts* and practices in the business of insurance: . . . Making or permitting any unfair discrimination between individuals of the same class involving essentially the same hazards in the amount of premium, policy fees, assessments, or rates charged or made for any policy or contract of accident or health insurance or in the benefits payable thereunder, *or in any of the terms or conditions of such contract. . . .*" (Emphasis added.)

The basis of the Superior Court's reversal on review was that the Commissioner erroneously applied and interpreted these statutes and that the administrative judgment was unsupported by substantial evidence. We affirm that ruling,

finding that the restrictive requirements of Burns' § 39-4253, *supra*, and § 39-4260, *supra*, do not encompass the appellees' policy provisions here in question; that there was no evidence of substantial, probative value presented to the Commissioner to support his finding under Burns' § 39-5304, *supra*, that the particular provisions were unjust, unfair or inequitable, etc.; that as a matter of law the policy provisions are not unjust, unfair, misleading, or deceptive under that statute; and that Burns' § 39-5304, *supra*, which prohibits unfair discrimination, is inapplicable to the challenged provisions.

Burns' §§ 39-4253 and 39-4260, *supra*, require, as a basic provision of individual and group accident and sickness policies, that ". . . the policy may not require that the service be rendered by a particular hospital or person . . ." Appellant-Commissioner contends that this language reflects the legislative intent that no policy defeat an insured's right of recovery for medical services covered in the policy when the services are rendered by a person duly qualified in Indiana to perform them. While it is undoubted that the power to make such a requirement is well within the legislature's province, it is our opinion that the language of the statute in question will not bear such a construction. It is our opinion that the language relied on by the appellants before the Commissioner is statutory language of differentiation, by which policy designs that would permit the insurer to direct the destiny of the cure through the specific designation of the person or facilities, are prohibited. The phrase "may not require that the service be rendered by a particular hospital or person" distinguishes accident and sickness policy standards from the standards of the Workmen's Compensation Laws, which expressly permit and authorize an employer to select for the treatment of his employee, specific physicians, hospitals, nurses, or spiritual healers. Burns' Indiana Statutes, Anno., (1965 Repl.), § 40-1225. Therefore, Burns' §§ 39-4253 and 39-4260, *supra*, serve to prohibit this selective and discretionary designation of personnel for the treatment of the ill,

rather than to affirmatively require insurers to indemnify for all attempted cures which are legally rendered.

Burns' § 39-5304, Par. A, Sec. 7, *supra*, defines as an unfair practice, the making of any unfair discrimination between individuals of the same class involving essentially the same hazards in the amount of benefits payable under a policy. Appellant-Commissioner argues that the appellees' insurance policies make such a discrimination between individuals of the same class, in that similar insureds with similar injuries are, or are not, indemnified for their loss according to the selected source of medical treatment. This contention can have force *only* if it be assumed that the insured and the insurer may not, under the Indiana Insurance Laws, enter into an insurance contract which limits the obligees recovery to those expenses occasioned by the employment of the services of a physician licensed to treat the body as a whole. We have rejected this hypothesis. Therefore, it is clear that the appellees' contractual provisions are equally applicable to all insureds, and that such universal application is not discrimination. It is merely a question of whether the obligee meets the condition precedent on his contract with the insurers. (It should be noted also that even if there were some discrimination displayed to the Commissioner, the responsibility still remains to determine whether that discrimination is "unfair"; and, that there was no substantial evidence of probative value presented upon which even this determination might have been based.)

Burns' § 39-4251, *supra*, grants the Commissioner the power to disapprove any policy provisions which are found to be unjust, unfair, inequitable, misleading, deceptive or ■ encourage misrepresentation of a policy. Without resolving what might fall *within* these classifications, we hold that there is no substantial evidence on the record upon which the finding of the Commissioner may be affirmed. The only evidence on the record is the fact that the policies require the services to be rendered by a physician with an

unlimited license to practice medicine. We have been presented with no argument, nor do we perceive any reason, why a condition precedent to an insurance contract, which requires treatment by a physician who is licensed to practice medicine on the body as a whole, is, as a matter of law or public policy, unfair, unjust, inequitable or misleading to the obligee-insured. See *State Medical Society* v. *Manson* (1964), 24 Wis. 2d 402, 129 N. W. 2d 231.

Therefore, we hold that the Superior Court's reversal vacating the Insurance Commissioner's order was proper, in that the Commissioner exceeded his statutory authority in declaring void, valid contractual provisions under the applicable Insurance Laws, and in that the determination is unsupported by substantial evidence as required by Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3008.

It is clear from the detailed and well-written briefs submitted to this Court that the Indiana State Podiatrists' Association, Inc., considers the policy provisions challenged here to be inequitable to its profession. Its remedy, however, lies with the Legislature. We note that another jurisdiction, Maryland [See *Maryland Medical Service, Inc.* v. *Carver* (1964), 238 Md. 466, 209 A2d 582], has responded to the podiatrists' cause and has enacted and judicially approved statutory revisions to prohibit the exclusion of podiatrists from the accident and sickness insurance coverage. From a careful review of the Indiana Insurance Laws, it would appear that a similar course of action is likewise suited for the podiatrists of this State.

Judgment affirmed.

Arterburn, Hunter and DeBruler, JJ., concur; Jackson, J., concurs in result in part and dissents in part, with opinion.

JACKSON, J.—I concur in the result of that portion of the majority opinion holding appellant Indiana State Podiatrists' Association, Inc., has no justiciable interest in the controversy.

306

I dissent as to that portion of the opinion which holds the Insurance Commissioner exceeded his statutory authority in declaring void valid contractual provisions under the applicable insurance laws in that the determination is unsupported by substantial evidence as required by Burns' Ind. Statutes, Anno. (1961 Repl.) § 63-3008, for the reason that the contract itself provides that certain services provided by a licensed physician are compensable under the policy while like services provided by one having only a limited license to practice medicine are not compensable.

NOTE.—Reported in 241 N. E. 2d 56.