CHICAGO AND CALUMET TERMINAL RAILWAY COMPANY v. THE HAMMOND, WHITING AND EAST CHICAGO ELECTRIC RAILWAY COMPANY.

151 577
163 281

[No. 17,978. Filed April 30, 1897. Rehearing denied Dec. 15, 1898.]

LAW OF CASE.—*Railroads.—Injunction.*—The law as determined in a former appeal from the action of the court enjoining defendant from interfering with plaintiff in the construction of its tracks across defendant's railway tracks will be held to be the law in a subsequent action on a supplemental complaint between the same parties to enjoin defendant from interfering with plaintiff in replacing the old and worn crossing, with a more modern and improved one.

From the Porter Circuit Court. *Affirmed.*

*John B. Peterson, K. K. Knapp* and *Mark Breden,* for appellant.

*J. W. Youche,* for appellee.

MCCABE, J.—This is the second appeal in this case, the name of the appellee having been changed after the cause was remanded from this court to the trial court. *Chicago, etc., R. W. Co.* v. *Whiting, etc., R. W. Co.,* 139 Ind. 297. See that case for a statement of the facts. On the return of the case, action was sus-

pended therein until August 23, 1893. Under the temporary restraining order, the jump crossings had been constructed over the appellant's steam railway tracks in the streets and highway by the appellee.

By wear and decay, it became necessary to repair them. By the rapid increase of traffic over such crossings, they were much impaired; and by the recent improvement of the methods of constructing such crossings, the jump crossing was passing out of use among the best regulated railways, and in its stead what was known as the "frog crossing" had been introduced, and was being generally adopted by such railways. The appellee, offering to make such repairs by substituting the frog crossings, was prevented therefrom again by force on the part of the appellant. Thereupon appellee amended its complaint by way of a supplemental complaint, setting forth the foregoing facts, praying for another temporary injunction, and for a perpetual injunction, on the final hearing enjoining appellant from such interference. The temporary injunction was granted, and the venue was changed from the Lake Circuit Court to the Porter Circuit Court, where the issues formed were tried, resulting in a finding in favor of the plaintiff, upon which appellee took judgment perpetually enjoining the appellant from such interference, over appellant's motion for a new trial.

The only error assigned and not waived by appellant calls in question the action of the trial court in overruling appellant's motion for a new trial. Among the reasons assigned for a new trial, and the only one argued in appellant's brief, was the one that the finding was contrary to law. The only difference between the facts now involved and the facts involved when the case was here before is that before it was jump crossings the appellee was asking to put in, and

now it is frog crossings, and the allegation that the frog crossing is far safer for both railroads than the jump crossing. It would certainly be the right, if not the bounden duty, of the street railroad to put in the safest and best crossing in common use at the time it is put in. All other questions of law involved are settled against the appellant in the former appeal. The law thus determined on the former appeal must be held to be the law of this case throughout all its subsequent stages, until its final determination. *Forgerson* v. *Smith*, 104 Ind. 246, and cases there cited; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Gerber* v. *Friday*, 87 Ind. 366; *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind. 681; *Jones* v. *Castor*, 96 Ind. 307; *Currier* v. *Elliott*, 141 Ind. 394; *Board, etc.*, v. *Bonebrake*, 146 Ind. 311. The finding not being contrary to law, there was no available error in overruling the motion for a new trial. The judgment is affirmed.