McCONNELL, ADMINISTRATOR, ET AL., *v.* HAMPTON, ASSESSOR, ET AL.

[No. 20,293.    Filed April 21, 1905.]

1.  INJUNCTION.—*Taxation.*—*Illegality.*—The mere fact that a proposed tax or assessment will be illegal will not sustain an action for injunction. p. 549.

2.  SAME.—*Taxation.*—*Motive of Taxing Officers.*—The bad motives of the taxing officers are not grounds for injunction to prevent the making of an assessment for taxation. p. 549.

3.  TAXATION. — *County Assessor.* — *Omitted Property.* — The county assessor can not increase the assessment made on property once listed, but may assess property omitted from the taxing lists. p. 549.

4.  INJUNCTION.—*Taxation.*—*Remedy at Law.*—An injunction will not ordinarily be granted to prevent the assessment of taxes, and in order to sustain such action it must be shown that there is no adequate remedy at law or that some other recognized equitable right will be infringed. p. 549.

5.  PLEADING.— *Complaint.*— *Demurrer.* —*Injunction.*— The objections against a complaint for injunction to prevent the assessment of property once listed do not go to the jurisdiction of the court; and a demurrer for want of facts raises the question of the sufficiency of the allegations, and since the granting of the writ of injunction is in the sound discretion of the court, the writ may be refused, although the opposite party raises no question at all. p. 551.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Action by Joseph W. McConnell as administrator of the estate of Samuel K. Nolin, deceased, and others against Charles E. Hampton as assessor of Benton county, and others. From a decree for defendants, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellants.

*J. Frank Hanly, Will R. Wood, Sanderson & Hall* and *Dawson Smith,* for appellees.

Gillett, J.—The purpose of this action was to restrain the county assessor of Benton county from placing on the tax duplicate certain assessments as and for personal property omitted in past years by the decedent of said Joseph W. McConnell, administrator. It appears from the complaint that the county assessor had initiated the proceeding by giving the proper notice of his intention to add assessments to the duplicate. The complaint alleges that the decedent in his lifetime reported and exhibited each year to the township assessor all his loans, credits, notes, mortgages, bonds, stocks, accounts, claims, sheriff's sales, tax sales and judgments (the classes of property mentioned in said notice), and that for each of said years the property so reported and exhibited was valued by the township assessor and the board of review. It is further alleged in said complaint that said county assessor has associated with himself a third person, and that they are threatening and conspiring to disregard said several valuations, and that they will, unless restrained, go back, and for each of the years involved increase the valuation of and assessment on each and all of the items of property aforesaid which belonged to said decedent. There are further allegations in the complaint, but the above is a sufficient exhibit of its facts. A demurrer was sustained to this pleading, and from the final judgment which followed appellants prosecute their appeal.

1. We are of opinion that the suit will not lie. In the first place, it is thoroughly settled that the mere fact that a tax or proposed assessment is or will be illegal does not justify a resort to equity. *Indiana Mfg. Co.* v. *Koehne* (1903), 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; *Smith* v. *Smith* (1902), 159 Ind. 388, and authorities there cited.

2. In the second place, this action can not be maintained because it is an attempt by allegations of bad faith upon the part of the officer to prevent him from entering upon an inquiry that has the express warrant of a valid statute. ·

3. It is, of course, thoroughly settled that the county assessor's duty under the statute is confined to property subject to taxation which has been omitted to be listed and returned by the taxpayer. *Parkison* v. *Thompson* (1905), *post,* 609; *Florer* v. *Sherwood* (1891), 128 Ind. 495; *Donch* v. *Board, etc.* (1892), 4 Ind. App. 374; *Parkinson* v. *Jasper County Tel. Co.* (1903), 31 Ind. App. 135.

4. But while the jurisdiction of that officer is thus limited, it does not follow that upon mere allegations of a wrongful purpose on his part a court should place the barrier of a preliminary injunction across his path, that it may determine the question in advance for itself as to whether the property is subject to assessment. It could scarcely be characterized as other than an encroachment by the judiciary upon a coördinate department of government upon such a theory to enjoin an administrative officer from exercising a preliminary authority vested in him by a statute, the validity of which was unquestioned. See *Cheatham* v. *United States* (1876), 92 U. S. 85, 89, 23 L. Ed. 561. The granting of an injunction in such circumstances as appear from the complaint in this case would not only interrupt the ingathering of the public revenue, but would make possible the result that after years of litigation the State would find itself, although successful, with even its

McConnell v. Hampton.

preliminary process to collect the taxes annulled, because the injunction had prevented the officer from proceeding at the time specified in the notice.

In *State Railroad Tax Cases* (1875), 92 U. S. 575, 614, 615, 23 L. Ed. 663, it was said: "We do not propose to lay down in these cases any absolute limitation of the powers of a court of equity in restraining the collection of illegal taxes; but we may say, that, in addition to illegality, hardship, or irregularity, the case must be brought within some of the recognized foundations of equitable jurisdiction, and that mere errors or excess in valuation or hardship or injustice of the law, or any grievance which can be remedied by a suit at law, either before or after payment of taxes, will not justify a court of equity to interpose by injunction to stay collection of a tax. One of the reasons why a court should not thus interfere, as it would in any transaction between individuals, is, that it has no power to apportion the tax or to make a new assessment, or to direct another to be made by the proper officers of the state. These officers, and the manner in which they shall exercise their functions, are wholly beyond the power of the court when so acting. The levy of taxes is not a judicial function. Its exercise, by the constitutions of all the states, and, by the theory of our English origin, is exclusively legislative. * * * A court of equity is, therefore, hampered in the exercise of its jurisdiction by the necessity of enjoining the tax complained of, in whole or in part, without any power of doing complete justice by making, or causing to be made, a new assessment, on any principle it may decide to be the right one. In this manner it may, by enjoining the levy, enable the complainant to escape wholly the tax for the period of time complained of, though it be obvious that he ought to pay a tax if imposed in the proper manner." As the action in this case was brought prematurely, and as the complaint does not state facts showing some ground of equitable interference, such as the

clouding of the title, the avoidance of a multiplicity of actions, or the absence of an adequate remedy at law, we hold that the court below did not err in adjudging the complaint insufficient.

5. It is urged by counsel for appellants that as appellees' demurrer was for want of facts, and was not to the jurisdiction of the court, as provided by the first subdivision of §342 Burns 1901, §339 R. S. 1881, the question as to the authority of the court to grant an injunction should be treated as waived. We do not think that the objections to appellants' complaint go to the jurisdiction of the court. The granting of a writ of injunction is a matter within the sound discretion of the chancellor, and where he finds that none of the matters exist which would make a proper case for equity he may recognize the fact and give it effect, even where the question is not raised by the opposite party. *Allen* v. *Pullman's Palace Car Co.* (1891), 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303.

judgments affirmed.