POSTLEWAITE, TREASURER, *v.* HASSE.

[No. 26,360. Filed July 29, 1933.]

*Gerald A. Gillett* and *Tinkham & Galvin,* for appellant.

*Bomberger, Peters & Morthland,* for appellee.

PER CURIAM.—This cause was originally commenced in the Lake Superior Court April 27, 1925, and the judgment therein, on appeal to this court, was reversed. *Hasse* v. *Bielefeld* (1926), 197 Ind. 498, 150 N. E. 413. The cause was remanded with a mandate to sustain Hasse's motion for a new trial. The term of office of Walter F. Bielefeld as city treasurer having expired, Homer J. Postlewaite as treasurer of the city of Ham-

mond was substituted as the defendant. Thereafter, among the proceedings had in the Lake Superior Court, the plaintiff filed an amended complaint in two paragraphs and also a supplemental complaint relative to the tender and deposit in court of the November installment of the 1924 taxes and the refusal by the defendant of the taxes due under the 1922 assessment since the filing of the original complaint. A demurrer for want of facts was sustained to the first paragraph of the amended complaint and overruled as to the second. On application of defendant the venue of this cause was changed to the Porter Circuit Court wherein the second paragraph of the amended complaint was answered by a general denial and by an affirmative answer averring facts provable under the general denial. A general denial to the second paragraph of answer concluded the issues which were submitted to the Porter Circuit Court, resulting in a general finding in favor of appellee on his amended second paragraph and supplemental complaint, and judgment that the assessment upon plaintiff's real estate and improvements described in the complaint for the year 1924 was void, and that all taxes in excess of taxes due on the assessment made in 1922 be and they are hereby enjoined, and further, said defendant as treasurer is enjoined from refusing to accept the taxes due under the 1922 assessment, and to receipt for the same in full payment.

Appellant has assigned errors on the action of the court in overruling his demurrer to appellee's second paragraph of amended complaint, and the overruling of his motion for a new trial.

The original complaint, as well as the second paragraph of the amended complaint, proceeded upon the theory that the order of the state board of tax commissioners to the assessor of North Township in Lake County to reassess the real estate

and improvements thereon in that township as of March 1, 1924, was wholly void and without authority of law. Appellant's only insistence in support of his demurrer is that §1, Acts 1925, p. 370, §14251, Burns 1926, gave appellee a remedy at law as plain, complete and adequate as his remedy in equity, in that for any invasion of his rights on the part of the local taxing officers his remedy was by appeal to the state board of tax commissioners. The above enactment amended §209 of the Tax Law of 1919, and by force of an emergency clause it became effective March 12, 1925. Its language applicable to appellant's urgency follows: "Said board of tax commissioners is empowered at any time prior to the first Monday in November *of the year following the assessment* (our italics), upon a verified application duly filed with it, to review and authorize the correction of any assessment, if it shall appear that the taxpayer has been wrongfully charged with taxes." The present questioned assessment was made as of March 1, 1924, upon the order of the state board of tax commissioners on petition of the trustees of the school city of Hammond. The object of the petition was to enhance the revenues of such school city. The language of the statute above quoted does not warrant us in holding that the legislature intended that it should have any retroactive effect. If it had no such effect, then the remedy so asserted by appellant was not available to appellee prior to November 1, 1924. In reaching this conclusion we have not failed to consider the further provision of the above statute that "The state board of tax commissioners shall have full authority to inquire into the grounds of complaint of erroneous assessment and collection of tax, under such rules as may be prescribed by it, and if satisfied from competent evidence produced that there is a real grievance it may direct that the same may be remedied either by cancellation of

the tax if uncollected, together with all penalties charged thereon, or if the tax has been paid, by directing a refund of the amount found to have been wrongfully charged and collected." This language gives the state board of tax commissioners a wide supervisory power over the "erroneous assessment and collection of tax" and the remedies to be enforced, with the view alone of exact justice between the parties in interest according to the circumstances of each particular controversy, but our analysis of the entire act leads us to conclude that this provision was intended to operate prospectively. Furthermore, since the complaint alleges facts showing that the order of the state board of tax commissioners directing a reassessment of the real estate in North Township was void, we hold it is sufficient to warrant injunctive relief. *Southern Indiana R. Co.* v. *Railroad Commission of Indiana* (1909), 172 Ind. 113, 87 N. E. 966.

The demurrer to the second paragraph of complaint was properly overruled.

Appellant, in support of his motion for a new trial, has devoted considerable space to the interpretation of §152, Acts 1919, p. 198. As we understand him, he takes the position that the finding of the trial court was contrary to the principles of law, in that it incorrectly interpreted §152. We find nothing in the record giving any support to this contention. The meaning and purpose of this section of the tax law was fully considered on the former appeal, and the construction then given it, right or wrong, must be regarded as the law of the case. *George B. Limbert & Co.* v. *Waznitsky* (1921), 191 Ind. 419, 133 N. E. 128; *Southern Railway Co.* v. *Clift* (1921), 190 Ind. 536, 131 N. E. 4; *Chicago, etc., Ry. Co.* v. *The Hammond, etc., Ry. Co.* (1898), 151 Ind. 577, 46 N. E. 999.

The general finding of the court in favor of appellee

and the granting of injunctive relief in his favor carries with it a presumption of correct action which is ■ challenged on the ground of insufficient evidence.

Section 152, *supra*, under which the assessment of 1922 was made, was amended in 1925 providing for a general assessment of real estate in that year and providing that it shall be assessed "at its actual cash value." Acts 1925, p. 67; §14191, Burns 1926. But for this amendment, the next compulsory assessment of real estate after 1922 under the statute would have taken place as of March 1, 1926.

In our former opinion in this case we held that the jurisdiction of the state board of tax commissioners, in determining uniformity and equality as applied to the assessment of real estate, embraced the state as a unit, and also that the object of the proviso in §152 was likewise state-wide. It was our thought then that before the state board in an off-year may lawfully interfere with a previously legally established equitable and just valuation of real estate, it must first decide, looking to the state as a unit, that it is necessary, in order to maintain throughout the state an equitable and just valuation of the real estate, that it be assessed oftener than every four years. Obviously, this proviso was intended to obviate the expense necessary to a complete assessment and valuation of real estate by the use of the machinery necessarily employed in making quadrennial assessments, and to thus provide a more simple remedy in the event of unforeseen changes in land values between such assessment periods disrupting the equitable and just valuation theretofore established. The legislature selected the state board of tax commissioners and gave it authority, in case the necessity mentioned above should arise for the assessment of real estate within the four-year period, to maintain equitable land values in the various taxing units of the state measured by the

standard fixed by the legislature, at that time designated "true cash value," now "at its actual cash value," so that when they are united all will be taxed upon the same ratio of value.

The material facts recited in our former opinion are again presented by the record in this appeal in connection with additional evidence tending to show that the state board had six field men in the state reviewing the work of the 1923 county boards of review *for use of the state board in making equalization orders in July and information for use in making the tax levy in September;* that the state board was continually gathering data from various parts of the state pertaining to the subject of taxation, and consequently valuation and uniformity would be more or less involved; that there were no county-wide or state-wide hearings or state-wide data especially or separately collected for the purpose alone of determining whether or not a necessity existed for the assessment generally of real estate in 1924, nor was there any order made or action taken by the state board to that effect. The assessment of appellee's real estate made by the local assessing officers was, on appeal, raised by the state board. There were, however, in 1924, seven or eight townships in the state reassessed, all of which, save one, were made upon petition "by officers or by taxpayers." In each of these cases notice of such proposed reassessment was first given to the citizens and taxpayers in the respective units ordered reassessed. The only unit reassessed in Lake County was North Township comprising about 150,000 pieces of real estate, and the hearing on this proposed reassessment was "confined chiefly to State and Hohman Streets in the City of Hammond." Other complaints were made to the board, but the information furnished by the field men "and records of the county officials" disclosed no

real demand for a hearing in these cases and none was had.

In every case, the result of which depends upon the essential facts to be found from conflicting evidence, or which may be reasonably or logically deduced from the evidence in its entirety, and the finding of the court or the verdict of the jury is challenged for want of evidence, the question thus presented is for the trial court alone. The statute authorizes the state board to exercise its discretion concerning the necessity for assessing real estate oftener than every four years, but the grounds for the discretion, according to our former opinion, is the necessity to maintain an equitable and just valuation of the real estate, taking the state as a unit. We judicially know there are 1015 townships in Indiana. On petition of certain officers or taxpayers the real estate in seven or eight of these townships was assessed as of March 1, 1924. Generally, the petitions for reassessment relied upon a showing of need for more money for the proper functioning of the various departments of the township. There was no general demand by the taxpayers throughout the state on the state board, or evidence that conditions had arisen throughout the state whereby inequitable and unjust valuation prevailed generally. We refer to these particular items only because they, like other relative matters before the court subject to inquiry, would, we think, have some probative value in determining the object of the state board, that is to say, whether its investigation was confined merely to certain local taxing units or to the state as a unit. The evidence submitted to the trial court was documentary and oral. It was subject to different inferences, depending not only upon its weight but also upon the completeness of the field sought to be covered. Under this state of the record, we would not be justified in disturbing the judg-

404

ment of the trial court on the ground of insufficient evidence.

Recently, the appellee has caused to be filed in this court notice that since the petition to transfer this cause from the Appellate Court, Homer J. Postlewaite as treasurer of the City of Hammond has been succeeded in office by Henry Heckler, who is now the duly qualified and acting treasurer of said city. We deem it unnecessary to make the requested substitution in this court, and the judgment of the trial court will be affirmed as of the date of submission of this cause on appeal.