THOMAS L. COOPER ET AL. *v.* THE COUNTY BOARD OF REVIEW
OF GRANT CO.

[No. 1170A183.  Filed December 13, 1971.
Rehearing denied January 4, 1972.]

Max E. Hobbs, of Fort Wayne, Alfred Hogston, of Marion, for appellants.

Gene R. Johnson, of Marion, Theodore L. Sendak, Attorney General, Scott Tower Miller, Walter E. Bravard, Jr., Joseph S. Van Bokkelen, Deputies Attorney General, for appellees.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—This appeal concerns an action by taxpayers seeking to enjoin county and state officials from levying taxes based on an alleged invalid county-wide assessment.

Thomas L. Cooper and other taxpayers (Cooper) filed a Complaint for Permanent Injunction in Grant County on February 26, 1970, and after change of venue the suit was heard by the Miami Circuit Court.

The Complaint alleges that the reassessment of property in Grant County for the year 1969 is contrary to law and that unless relief is granted by the court the levy of an unjust and illegal tax will place a cloud upon the title of the real estate owned by Cooper, thereby causing irreparable injury. Such action, Cooper asserts, will deprive him and other taxpayers of their property without due process or equal protection of the law and will deny them a uniform and equal rate of taxation as guaranteed by the Constitution of the United States and the State of Indiana.

In response to the Complaint, two Motions to Dismiss were filed.

The Defendant County Board of Review of Grant County first filed a Motion to Dismiss in two paragraphs, the first paragraph alleging that the trial court had no jurisdiction over the subject matter [Rule TR. 12 (B) (1)], and the second paragraph alleging that the Complaint failed to state a claim upon which relief could be granted [Rule TR. 12 (B) (6)].

The second Motion to Dismiss was filed by the defendant State Board of Tax Commissioners in one paragraph, alleging under Rule TR. 12 (B) (1) that the court was without jurisdiction over the subject matter.

These two defendants are hereinafter referred to as "the Boards."

Accompanying the Motions to Dismiss, the Boards also filed several affidavits which showed: that taxes in the amount of $250,000 had already been collected in Grant County; that the Grant County Board of Review had completed all 1969 review procedures and had adjourned, after duly processing appeals filed in the names of James Fall, Ralph V. Clester, and Fred Inskeep (all of whom are parties to this appeal), but that no appeal had been filed in the name of Thomas L. Cooper; that of the named plaintiffs, only Fred Inskeep filed for an appeal to the State Board of Tax Commissioners; and further, that only 65 appeals from the entire statutory reassessment in Grant County were filed with the State Board of Tax Commissioners.

Following the submission of the Motions to Dismiss, briefs were filed and oral arguments held. The court granted both Motions to Dismiss on June 22, 1970 in these words:

"Motions to Dismiss, as filed by the Defendants having been heretofore argued and briefed, and having been under advisement, and the Court now being sufficiently and properly advised in the premises, *now sustains the Defendants' Motions* to Dismiss. Cause dismissed at Plaintiff's costs. Cause dismissed. Clerk to notify all attorneys." (Emphasis supplied.)

Cooper then timely filed his Motion to Correct Errors.

*ISSUES*—Cooper maintains that the trial court committed an error of law in granting the Motions to Dismiss and that the issue is whether or not his Complaint is sufficient to state a claim upon which relief could be granted. The Boards take the position that the issue is whether or not the court had subject-matter jurisdiction.

This presents us with a threshold question as to the exact issue to be resolved. We agreed with the Boards, for reasons which will hereinafter appear, that the issue is whether or not the court had subject-matter jurisdiction. Our decision therefore will be in two parts:

ONE:   A determination of the issue for decision.

TWO:   Whether the trial court had jurisdiction over the subject matter of the Complaint?

No relevant arguments were made by either party concerning Part One.

As to Part Two, Cooper argues that:

(1)   he has no adequate remedy at law and is entitled to equitable relief since the administrative remedies do not provide for a class attack upon the total reassessment; that only by resort to equity will he have available a prompt efficient and convenient remedy.

(2)   only by invoking equity will a *multiplicity of suits* be avoided;

(3)   there is a distinction between the right of an individual taxpayer to seek the aid of the courts to set aside an alleged illegal tax and the right of a number of taxpayers of a district or community to join in a suit on behalf of themselves and all others similarly situated in their roles as taxpayers to protect their financial interest in the taxing district. This damage is sustained by the public generally and for this kind of damage there is no legal or administrative remedy.

The Boards' position is that:

(1) equitable relief is not necessary because there is no danger of a multiplicity of actions;

(2) there exist adequate procedures for seeking relief from the alleged erroneous reassessment;

(3) there is provided by statute a procedure for review of the action of administrative agencies and a judicial remedy and therefore plaintiff is excluded from any equitable procedure for questioning the assessment.

(4) the failure to comply with the existing procedural requirements is jurisdictional.

## DECISION

PART ONE: The issue for determination is whether the trial court had jurisdiction of the subject matter and *not* whether the complaint stated a claim for relief.

Because a Rule TR.12 (B) (1) Motion is a relatively new animal in our legal menagerie, a brief discussion of its proper use is pertinent.

Prior to the adoption of the Indiana Rules of Trial Procedure, effective January 1, 1970, the defense of lack of jurisdiction of the subject matter could be raised by demurrer, plea in abatement, or by motion to dismiss, depending upon the circumstances. Rule TR.12 (B) (1) simplified raising this defense by providing for either a consolidated motion before answer or by the answer itself. Harvey's Indiana Practice, Vol. 1, pp. 604-608.

As under the old rules of pleading, this defense is still available at any time. It cannot be waived and may be raised by the parties or the court at any point during the action including appeal. *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N. E. 2d 1; *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N. E. 528.

Since Rule TR. 12 is substantially a carbon copy of Federal

Rule 12, certain federal procedures apply to a Rule TR. 12 (B) (1) motion, others will not.

In the federal courts jurisdiction of the subject matter must be affirmatively pleaded, and in the absence of proper jurisdictional averments the complaint may be dismissed. (See *Miller* v. *Brown Ship Building Co.* (1948), (C.A. 5) 165 F. 2d 956.) Specific jurisdictional allegations are usually not necessary under our practice since most courts of this state possess general jurisdiction. *Loeb* v. *Mathis* (1871), 37 Ind. 306. Further, where a question of failure to pursue statutory remedies is concerned, it is not the failure to allege which preempts the jurisdiction of the court, but rather *it is the "failure to comply with the statute that is jurisdictional." Monon R. R. Co.* v. *Citizens of Sherwood Forest Addition, Marion County* (1970), 146 Ind. App. 620, 257 N. E. 2d 846; *Ballman* v. *Duffecy,* (1952) 230 Ind. 220, 102 N. E. 2d 646.

Federal case law allows affidavits to be filed by the parties where a motion to dismiss for want of subject-matter jurisdiction is before the court. In considering such a motion, unlike a motion to dismiss for failure to state a claim or motion for summary judgment, the court may weigh the evidence before it to determine the existence or nonexistence of the requisite facts. (See *Ramirez and Feraud Chili Co.* v. *Las Palmas Food Co.* (1956), (D.C. Cal.), 146 F. Supp. 594, *aff'd* 245 F. 2d 874, *cert. denied* 78 S. Ct. 384, 355 U. S. 927, 2 L. Ed. 2d 357.[1] We agree that use of affidavits for this purpose is a necessary aid to the court's decision.

When a trial court is confronted with a motion to dismiss under Rule TR. 12 (B) (1), it must, then, decide upon the complaint, the motion, and any affidavits or other evidence submitted whether or not it possesses the authority to further adjudicate the action. In the case before us the subject-matter jurisdiction of the court depends on

---

1. Generally, See Barron and Hotzoff, *Federal Practice and Procedure* (Wright ed.), Vol. 1-A, § 352.

whether Cooper has complied with the statutory remedies available—a jurisdictional question. *Monon R. R. Co.* v. *Citizens of Sherwood Forest Addition, Marion County, supra; Ballman* v. *Duffecy, supra.*

Thus, the issue for decision is properly framed by the Boards' Motion to Dismiss that the trial court had no jurisdiction of the subject matter because of Cooper's failure to comply with adequate statutory remedies.

PART TWO: It is our opinion that the trial court lacked jurisdiction of the subject matter of Cooper's Complaint.

We now look to the statutory remedies available to Cooper to see if they are adequate. Because the various statutes under consideration are lengthy, we will merely identify and summarize those which are pertinent. They are five in number:

1. Cooper could have appealed his assessment through the remedies provided in Ind. Ann. Stat. §§ 64-1001 through 64-1004(a) (Burns 1971 Supp.),[2] which provide for review of individual reassessments by the County Board of Review, the State Board of Tax Commissioners, a county circuit or superior court, and to this court. An important addition to this review procedure was brought about in 1961 when the legislature provided that "appeals may be consolidated, at the request of the appellants, in order to save expense thereof when it can be done in the interest of justice." Ind. Ann. Stat. § 64-1004. Thus, there exists an extensive remedy by which *many taxpayers* may challenge their reassessment.

2. Ind. Ann. Stat. § 64-713 (Burns 1961)[3] establishes a procedure whereby taxpayers can secure reassessment of

2. For § 64-1001 see Acts 1961, ch. 319, § 1201, p. 893; 1963, ch. 333, § 22, p. 811; 1965, ch. 280, § 4, p. 770.

For § 64-1002 see Acts 1961, ch. 319, § 1202, p. 893; 1963, ch 333, § 23, p. 811.

For § 64-1003 see Acts 1961, ch. 319, § 1203, p. 893; 1965, ch. 280, § 5, p. 770.

For § 64-1004 see Acts 1961, ch. 319, § 1204, p. 893; 1963, ch. 231, § 1, p. 317.

For § 64-1004(a) see Acts 1961, ch. 319, § 1204A, as added by Acts 1969, ch. 204, § 5, p. 768.

3. Acts 1961, ch. 319, § 703, p. 893.

real property of the entire township or any part thereof upon petition filed with the State Board of Tax Commissioners by a requisite number of resident owners of taxable property in the particular township. This remedy is not available in years of general elections or years of periodic reassessment.

3. Ind. Ann. Stat. § 64-716 (Burns 1971)[4] gives the taxpayer a remedy direct to the State Board of Tax Commissioners by providing that "A petition for reassessment of any particular parcel or parcels of real property may be filed with the State Board of Tax Commissioners on or before March 31st in any year including any general election year but not including any year in which a periodical reassessment of real property becomes effective pursuant to the provisions of this Act."

4. Indiana has in effect a refund statute (Ind. Ann. Stat. § 64-2081 (Burns 1971)[5] which allows a taxpayer to file a claim for a refund within three years of payment and if the tax is illegal, refund will be made with 6% interest.

5. Reassessment by resolution of state board. "If in the discretion of the State Board of Tax Commissioners it shall be deemed necessary, in order to maintain an equitable and just assessed valuation, that real property of any township or townships, county or counties or the state as a whole, or any specifically designated real property be reassessed in any year, the State Board of Tax Commissioners may adopt a resolution declaring its belief that such action is necessary." Ind. Ann. Stat. § 64-714.[6]

The allegations of Cooper's complaint challenge the 1969 reappraisal and re-assessment in Grant County as being erroneous and illegal for various reasons and that the amount of tax to be determined therefrom will result in the levy of an illegal tax. It does not allege they in any manner have attempted to avail themselves of *any* of these statutory remedies in whole or part.

Cooper challenges 64-713 *supra* and 64-716 *supra* as being inadequate because the procedures set forth are not available

---

4. Acts 1961, ch 319, § 706, p. 893; 1963, ch. 333, § 15, p. 811.
5. Acts 1963, ch 280, § 801, p. 426.
6. Acts 1961, ch. 319, § 704, p. 893; 1963, ch. 333, § 14, p. 811.

in certain years, thus forcing taxpayers to pay a tax based on an invalid assessment. In dealing with a very similar argument, the Supreme Court of the United States in *Indiana Mfg. Co.* v. *Koehne* (1902), 188 U. S. 681, 47 L. Ed. 651, 235 S. Ct. 452, held that where a statute provides proceedings for the recovery of taxes wrongfully assessed, an adequate remedy at law exists.

*Indiana Mfg. Co.* v. *Koehne, supra,* was followed in *McConnell* v. *Hampton* (1904), 164 Ind. 547, where our Supreme Court held that the mere fact that a tax or proposed assessment is or will be illegal does not justify a resort to equity.

Cooper would also invoke equity in order to avoid a multiplicity of suits. The affidavits before the trial court do not bear out this contention. *Gray, Auditor, et al.* v. *Foster* (1910), 46 Ind. App. 149, 92 N. E. 7; and *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145, are cited by appellant to justify invoking equity where a multiplicity of suits is threatened. These cases are not applicable for various reasons, one of which is that in *Gray, supra,* the facts indicated many thousands of taxpayers were involved, and in *Fesler* v. *Bosson, supra,* over 300 taxpayers were involved. Also, these cases were decided long before 64-713 *supra,* 64-716 *supra,* 64-714 *supra* were enacted and before 64-1001 *et seq. supra,* was amended to provide for further judicial review and for consolidation of appeals.

Cooper asserts that 64-714 *supra* does not provide a remedy to taxpayers because it can only be invoked on the initiative of the State Board of Tax Commissioners. Is this argument more plausible than real? It provides in part:

"Reassessment by resolution of state board.—If in the discretion of the state board of tax commissioners it shall be deemed necessary, in order to maintain an equitable and just assessed valuation, that real property *of any township or townships, county or counties* or the state as a whole, or any specifically designated real property be reassessed in any year, the state board of tax commissioners may adopt

a resolution declaring its belief that such action is necessary." (Emphasis supplied.)

Cooper assumes the State Board would not perform its intended duty. We do not agree.

If Cooper and his friends had followed the other remedies available to them, the State Board of Tax Commissioners would have been made aware of the alleged illegality of the 1969 reassessment, and could have exercised their power to reassess the entire county. Because of Cooper's immediate appeal to the courts, however, an opportunity was never given this administrative agency to review the reassessment. In dealing with a similar situation, our Supreme Court in *County Bd. of Review of Assessments* v. *Kranz* (1964), 224 Ind. 358, 66 N. E. 2d 896 held that:

> "We shall not assume that either board would fail in the performance of its duty under the Constitution and statutes. Courts should be slow to interfere with the legislative process of taxation. Where arbitrary action of a ministerial officer is not final but may be corrected by reviewing agencies provided in the statute under which he is proceeding, *ordinarily those agencies ought to be given an opportunity to act before resort to the courts.*" (Emphasis supplied.)

Cooper expresses further discontent with the existing statutory remedies on the theory that he is bringing a class action on behalf of himself and others situated, not in his role as an individual to protect his own interest but to prevent damage to the public and protect their financial interest in the taxing district. This is damage which is sustained generally and not specifically and, therefore, existing channels are inadequate to protect this interest. He cites no persuasive authority, Indiana or otherwise, for this position. The existing statutory procedures are, in our opinion, adequate to attain the broad objective sought by Cooper. We will not

serve as a midwife to the birth of yet another remedy for which we see no need or necessity.

Even if the precise objectives sought by Cooper could not be attained by the existing statutory procedures this is of no moment. Judge Arterburn speaking for the court in *Public Service Commission of Indiana et al* v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N. E. 2d 308, said:

> "However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. *Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy.*" (Emphasis supplied.) *Joseph E. Seagrams & Sons* v. *Board of Com'rs.* (1943), 220 Ind. 604, 45 N. E. 2d 491; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

Note the words "to the extent of the remedy available." These words imply that the remedies available to a taxpayer need not be perfect in every respect. Furthermore, mere inconvenience does not justify the imposition of equity if there exists a refund statute. *California* v. *Latimer* (1938), 305 U. S. 225, 83 L. Ed. 3, 59 S. Ct. 51. Due process only requires that a taxpayer have an adequate administrative remedy and that orders proceeding from those remedies be judicially reviewable. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

Collectively, the five statutory remedies set out above protect and safeguard the interests of taxpayers. Cooper and those similarly situated may still avail themselves of these administrative remedies, including the refund statute, as the granting of a Motion to Dismiss under TR 12(B)(1) is not res judicata to their cause. See *Tyler Gas Service Company* v. *Federal Power Commission* (1957), 247 F.2d 590, *cert. denied* 78 S.Ct. 263, 355 U.S. 895, 2 L. Ed. 2d 193.

The trial court granted both a Motion to Dismiss for lack of jurisdiction of the subject matter *and* for failure to state a claim upon which relief could be granted. It properly granted the Motion to Dismiss for lack of jurisdiction of the subject matter, but was without power to adjudicate whether the complaint failed to state a claim upon which relief could be granted. When the trial court determined that it had no jurisdiction over the subject matter of Cooper's case, it had no power to further adjudicate the question of whether or not the complaint stated a claim upon which relief could be granted. *Stewart* v. *U.S.* (1952), (C.A. 7), 199 F. 2d 517; *Fisch* v. *General Motors Corp.* (1948), (C.A. 6), 169 F. 2d 266, *cert. denied* 69 S. Ct. 405, 335 U.S. 902, 93 L. Ed. 436.

The judgment of the trial court is therefore moot[2] insofar as it pertains to the Rule TR. 12(B)(6) Motion to Dismiss.

The judgment of the trial court is affirmed insofar as it pertains to the Rule TR. 12(B)(1) Motion to Dismiss.

Lowdermilk and Robertson, JJ., concur; Sullivan, P.J., dissents with opinion.

### STATEMENT OF DISSENT

SULLIVAN, P.J.—I respectfully dissent for the reason that I consider each and all of the five statutory remedies set forth by the majority to be inadequate under the circumstances. *Postlewaite, Treasurer,* v. *Hasse* (1933), 205 Ind. 396, 186 N. E. 761; *Fesler, Auditor,* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145.

NOTE.—Reported in 276 N. E. 2d 533.

---

2. A judgment on some matter which cannot have any practical, or legal, effect upon the controversy. (See Black's *Law Dictionary* (4th ed. p. 1159.)