**STATE BOARD OF TAX COMMISSIONERS, et al, Appellant,**

v.

**VERMILLION COUNTY PROPERTY OWNERS' ASSOCIATION, Appellee.**

No. 1–1284A309.

Court of Appeals of Indiana, First District.

March 19, 1986.

Rehearing Denied April 23, 1986.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellee.

## STATEMENT OF THE CASE

NEAL, Judge.

Defendant-appellant, State Board of Tax Commissioners (State Board), appeals a judgment entered in the Vermillion Circuit Court restricting its authority to conduct equalization proceedings in a property reassessment case. The suit was brought by the Vermillion County Property Owners' Association (Association) against the Vermillion County Board of Review, Assessor, Auditor, and County Council; the township assessors of Clinton, Eugene, Helt, Highland and Vermillion townships; and the State Board. Only the State Board appeals.

We reverse.

## STATEMENT OF THE FACTS

Pursuant to IND. CODE 6-1.1-4-4, 1975 Ind. Acts Pub.L. No. 47-1975, Sec. 1, a general reassessment was ordered for all real estate in the state commencing in 1976. By authority of IND. CODE 6-1.1-4-17 and with approval of the State Board, the above named townships entered into a contract with a professional appraisal firm by the name of Automated Valuation Service, Inc. (AVS) to provide services in connection with the reassessment. AVS established property values using land valuation guides established by the Vermillion County Advisory Committee, a body consisting of five members created by IND. CODE 6-1.1-4-13, whose functions are limited to determining indicators of value to be submitted as guides for ascertaining the value of land used for agricultural purposes. AVS erroneously used the advisory committee's guides for purposes other than land used for agricultural purposes. Instead of going upon the land and appraising it, AVS simply increased the value by a percentage fixed by the advisory committee's indicators to agricultural land. Clinton and Eugene Township Assessors accepted AVS's improper valuation, but Helt, Highland and Vermillion Township Assessors refused to so accept the valuations. At the time of the initiation of the litigation on February 19, 1980, the assessment had not been completed, the Vermillion County Board of Review had not performed its functions in regard to review of the reassessments, and no abstract of assessments had been certified to the State Board.

A statutory scheme for assessment, reassessment, administrative appeal, and judicial review exists. The township assessor makes the assessment. IND. CODE 6-1.1-4-15. For this purpose he may employ personnel and/or contract with professional appraisers. IND. CODE 6-1.1-4-16 and 17. Upon completion of the assessment, the township assessor notifies the county auditor of the assessed land values. IND. CODE 6-1.1-4-24. The assessment shall be governed by rules adopted by the State Board, IND. CODE 6-1.1-4-26, which shall, from time to time, monitor the general conduct of the assessment and reassessment of property, IND. CODE 6-1.1-4-31.

A county board of review exists which is composed of the assessor, auditor, treasurer and two freeholders who represent different political parties. IND. CODE 6-1.1-28-1. The board has several investigative powers, IND. CODE 6-1.1-28-9, powers to be exercised on its own motion to correct any errors in assessed valuation of property, IND. CODE 6-1.1-13-4, and powers to equalize valuation between townships, IND. CODE 6-1.1-13-5.

After the county board of review performs its functions, the auditor prepares and transmits to the State Board an abstract of assessments of property in the county. IND. CODE 6-1.1-14-1. The State Board shall review the assessments, and upon notice and hearing, has the power, on its own motion, to equalize the assessments between townships, portions of townships and classes of property. IND. CODE 6-1.1-14-4; IND. CODE 6-1.1-14-5. Taxpayers may seek review before the county board of review, IND. CODE 6-1.1-15-1, or before the State Board, IND. CODE 6-1.1-15-3. Judicial review of the decision of the State Board is afforded before a circuit or superior court. IND. CODE 6-1.1-15-5.

In this instance, despite the fact that there had been no completion of assessment, no action by the County Board of Review, and no certification of the abstract to the State Board, the State Board undertook to equalize assessments between the five townships and issued an equalization order. Though IND. CODE 6–1.1–35–1, 2, and 13 and IND. CODE 6–1.1–37–2 give the State Board authority to compel taxing authorities to perform their tasks, the State Board had not chosen to do so. The three township assessors who had not accepted AVS's assessments had petitioned the county council for appropriations with which to complete the assessments properly, but had been denied funds.

The Association filed this action in which it sought: (1) to compel appropriation of funds with which the township assessors could complete a lawful assessment; and (2) a preliminary injunction to prevent collection of taxes so long as the assessment was based on land value guides established by the Vermillion County Land Advisory Committee for other than agricultural land. The State Board joined in the request for an order for the township assessors to complete a lawful assessment.

On July 15, 1980, and October 7, 1980, the court granted the temporary injunction. It also ordered the county council to appropriate and make funds available to township assessors for reassessment; ordered the township assessors to complete a lawful assessment; and ordered the Vermillion County Land Advisory Committee to reconvene and perform its duty regarding land valuation indicators. Thereafter, there was a series of orders permitting taxes to be assessed, billed and paid on 1978 valuations which appeared to be a measure to prevent total collapse of local government.

By August 23, 1982, the reassessment had been completed by the township assessors. Thereupon, the State Board filed a motion with the court alleging an impermissible disparate valuation of assessments between townships. It alleged that the County Board of Review had made no effort to equalize the assessments, and that since an abstract had been filed with the State Board pursuant to IND. CODE 6–1.1–14–1, the County Board of Review was no longer empowered by statute to equalize assessments for the tax years from 1979–1982. It further alleged that because of the large variation between assessments of classes of property within a county, valuations normally would have been dealt with administratively through the County Board of Review and the State Board, but because of the injunction, administrative procedures may have been prohibited. It prayed for the following relief:

1. A hearing and modification and clarification of the preliminary injunction.

2. A hearing date to determine if a lawful assessment had been completed by the township assessors.

3. After a consideration of the evidence presented at such hearing, determine if modification and clarification of the preliminary injunction was appropriate.

A hearing on the State Board's motion was ultimately held on June 21, 1983. Counsel for the State Board, in his opening statement at the hearing, made the following statement:

"We believe that you could either order another reassessment surpervised [sic] by the Board and paid for by the local assessing officials. We believe you could, yourself, equalize the assessments based upon the evidence you hear, or we believe that you could order the State Boards to conduct and [sic] equalization proceeding."

The State Board then presented evidence which tended to show unequal assessments. The court then ordered:

"This cause came on for hearing on the motion of defendant State Board of Tax Commissioners for modification and clarification of the preliminary injunction in effect in this cause, as previously modified. The substance of said motion and hearing was the claim of the State Board that the reassessment previously ordered by this Court had been completed but

was not in fact lawful and that it resulted in inequality among taxpayers.

The Court heard statements of counsel and evidence on January 20, 1983, and again on June 21, 1983, after which all parties represented to the Court that they had no further evidence.

The Court will not presume that the various township assessors have disobeyed its order to conduct a lawful reassessment. The State has presented no substantial credible evidence that the reassessment is unlawful either in procedure or result. The testimony of two defendant township assessors who testified in their own behalf, lends no support to the State's contention but in fact supports the conclusion that the reassessment has been lawfully carried out.

The parties having had full opportunity to show any unlawfulness or inequality in the reassessment, and the State Board having availed itself of that opportunity and having failed to prove by a preponderance of the credible evidence any unlawfulness or inequality, the Court now finds that the reassessment has been lawfully completed and that it has not resulted in inequality among townships or different classes of property.

It is therefore, ORDERED, ADJUDGED AND DECREED that the preliminary injunction as previoulsy [sic] modified is dissolved, and the parties are ordered to proceed with collection of taxes for 1982, payable in 1983, based upon the reassessment as now completed by the township assessors."

It is from this order that the State Board appeals.

### ISSUES

The State Board presents a single issue, framed by it, as follows:

Did the trial court exceed its jurisdiction by (a) failing to require the statutory administrative proceedings before the State Board be exhausted; and (b) prohibiting the equalization proceedings of the State Board and ordering the real property tax assessments to stand as made by the township assessors?

### DISCUSSION AND DECISION

The State Board cites two cases which we believe are dispositive. *County Board of Review of Assessments for Lake County v. Kranz* (1946), 224 Ind. 358, 66 N.E.2d 896, and *Cooper v. Board of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533. *Kranz* involved an order of reassessment of a township made by the State Board, and pursuant to the order, the township assessor made the reassessment and filed it with the auditor. Plaintiff procured an injunction preventing the review of the assessor's valuations by the county board of review. In answer to the charge that the valuations were unfair, the court observed:

"This valuation was not final. Appellees still had their remedy before the Board of Review and, if it should also act arbitrarily, an appeal to the State Board of Tax Commissioners. We shall not assume that either board would fail in the performance of its duty under the Constitution and statutes. Courts should be slow to interfere with the legislative process of taxation. Where arbitrary action of a ministerial officer is not final but may be corrected by reviewing agencies provided in the statute under which he is proceeding, ordinarily those agencies ought to be given an opportunity to act before resort to the courts.

\* \* \* \* \* \*

To the State Board of Tax Commissioners the legislature committed the task of ascertaining from time to time the existence of such inequalities and, when found, ordering a reassessment to maintain uniformity. It seems to us that in many instances this can be done without resorting to a state-wide valuation. We shall not indulge in the assumption that it is impossible in the administrative proceeding which appellees' injunction interrupted. When that proceeding has reached finality and interested taxpayers are able to show that the reassessment

resulted in unjust valuations, inequality and lack of uniformity, there will be time enough for the intervention of the courts in their protection."

*Kranz,* 224 Ind. at 361–64, 66 N.E.2d at 897–98.

*Cooper* also involved reassessment of property. Cooper sought an injunction against the county board of review. The trial court granted the county board of review's Ind. Rules of Procedure, Trial Rule 12(B)(1) motion challenging the court's jurisdiction over the subject matter. The court of appeals affirmed the dismissal stating that the trial court lacked subject matter jurisdiction. The court, reciting the administrative hierarchial appeal process followed by the right of judicial review, and quoting from *Kranz, supra,* said:

"Cooper assumes the State Board would not perform its intended duty. We do not agree.

If Cooper and his friends had followed the other remedies available to them, the State Board of Tax Commissioners would have been made aware of the alleged illegality of the 1969 reassessment, and could have exercised their power to reassess the entire county.

Because of Cooper's immediate appeal to the courts, however, an opportunity was never given this administrative agency to review the reassessment."

*Cooper,* 150 Ind.App. at 241, 276 N.E.2d at 538.

Administrative remedies must first be exhausted, said the court in *Cooper,* before resort is had to judicial review. It continued:

"Judge Arterburn speaking for the court in *Public Service Commission of Indiana et al v. City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N.E.2d 308, [313] said:

'However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by

the constitution, the statutes or general principles of law. *Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy.*' (Emphasis supplied.) *Joseph E. Seagram & Sons v. Board of Com'rs.* (1943), 220 Ind. 604, 45 N.E.2d 491; *State ex rel. White v. Hilgemann, Judge* (1941), 218 Ind. 572, 34 N.E.2d 129; *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

Note the words 'to the extent of the remedy available.' These words imply that the remedies available to a taxpayer need not be perfect in every respect. Furthermore, mere inconvenience does not justify the imposition of equity if there exists a refund statute. *California v. Latimer* (1938), 305 U.S. [255]; 83 L.Ed. [159]; 59 S.Ct. [166]. Due process only requires that a taxpayer have an adequate administrative remedy and that orders proceeding from those remedies be judicially reviewable. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

Collectively, the five statutory remedies set out above protect and safeguard the interests of taxpayers. Cooper and those similarly situated may still avail themselves of these administrative remedies, including the refund statute, as the granting of a Motion to Dismiss under TR 12(B)(1) is not res judicata to their cause. *See Tyler Gas Service Company v. Federal Power Commission* [(D.C. Cir.] 1957), 247 F.2d 590, *cert. denied* 78 S.Ct. 263, 355 U.S. 895, 2 L.Ed.2d 193."

*Cooper,* 150 Ind.App. at 242, 276 N.E.2d at 539.

■ Judicial review of an administrative agency's acts is limited. In *Indiana Alcoholic Beverage Commission v. McShane* (1976), 170 Ind.App. 586, 354 N.E.2d 259, *trans. denied,* the court held that a court may not attempt to control an agency's valid execution of its discretionary powers or to substitute its judgment for that of the agency's in matters within the realm of the agency's delegated authority. A court can

intrude on that decision only if it was capricious, arbitrary, an abuse of discretion, in excess of statutory authority, or unsupported by substantial evidence. *Id.*

The association's argument that the State Board either waived the matter of jurisdiction or that it invited jurisdiction is without merit. Jurisdiction discussed here is subject matter jurisdiction. *See Cooper, supra.* Subject matter jurisdiction may not be waived or even conferred upon a court by consent. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99; *Carlson v. Miller* (1983), Ind.App., 455 N.E.2d 951. *Carlson* also involved a situation where subject matter jurisdiction was lacking because there was a failure to exhaust administrative remedies.

The deficiency in the reassessment procedures concerned the failure of local officials to follow the assessment procedures. The State Board's efforts to achieve equalization was premature and improper. After suit was filed, the coercive measures adopted by the court achieved a completion of the reassessment by the proper officials without the necessity of the court substituting its judgment for that of the officials. Once that reassessment was complete the remainder of the administrative review was in the exclusive domain of the administrative agency, not the court. The court had no jurisdiction to determine the equality of the assessments. Once the administrative procedures had run its course, parties had recourse to judicial review which would be limited as set forth in *McShane, supra.* Here the court acted as the fact finding agency and placed the burden of proof on the State Board. This was error.

This cause is reversed and the trial court is directed to vacate the judgment entered insofar as it impedes the County Board of Review, the Auditor, or the State Board from conducting equalization proceedings according to law.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.