MAINE BENEFIT ASSOCIATION *vs.* GEORGE HAMILTON and another.

Androscoggin. Opinion January 27, 1888.

*Exceptions. Practice.*

The exceptions to an interlocutory decree should not be brought to the law court until the final decree has been entered, except in such cases as will not admit of that delay.

When exceptions are prematurely brought to the law court, they will be dismissed from the law docket.

ON exceptions.

The point is stated in the opinion.

*George C. Wing, A. R. Savage* and *Seth M. Carter,* for plaintiff.

*Crosby and Crosby,* for defendants.

HASKELL, J. Bill in equity by a benefit corporation to compell the surrender of one of its certificates of membership because obtained by fraud.

The respondents plead "*nul tiel* corporation," and file answers in support of the same. The cause was set down for hearing as to the sufficiency of the respondents' pleas at rules, and the sitting justice decreed that the same must be overruled, "costs reserved for final determination of the bill."

To this ruling the respondents were allowed exceptions for the consideration of which the case is sent up.

The decree entered below was interlocutory only and did not finally dispose of the cause, but left it for further hearing upon

answer and proof if the parties saw fit to further litigate the same.

By R. S., c. 77, § 22, appeals from any interlocutory decree are allowed within the time fixed for appeals from final decrees; but the statute says, "Such appeal shall not suspend any proceeding under such decree or order, or in the cause, and shall not be taken to the law court until after final decree." The docket entries show that an appeal was taken from the decree passed in this cause.

Section 25 allows exceptions to be taken to rulings in matters of law during the progress of the cause within the time allowed for appeal, and says, " In all other respects such exceptions shall be taken, entered in the law court and there heard and decided like appeals. . . . The allowance and hearing of exceptions shall not suspend the other proceeding in the cause."

The rule laid down in *Stevens* v. *Shaw*, 77 Maine, 566, is, that it is irregular to hear exceptions in an equity cause before final hearing, and that such hearing should not be allowed unless the question does not admit of delay until then.

In this cause, the respondents can as well present their exceptions at the final hearing, when their appeal taken to the decree already passed must be heard, as before. The question raised is in the nature of abatement to an action at law, which, if decided at *nisi prius* adversely to the defendant, is never considered by the law court before the trial is had. R. S., c. 77, § 52. Moreover, upon the merits, the question now raised may become immaterial.

*Exceptions dismissed from the law docket.*

PETERS, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.