GUTHRIE *vs.* MOWRY ET AL.

Penobscot.     Opinion, May 8, 1936.

*Michael Pilot*, for petitioner.
*James M. Gillin*, for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J. Appeal by defendants from decree in favor of petitioner under Workmen's Compensation Act.

The claimant received an injury to his eye on March 4, 1934. The employer had notice of the accident. By R. S., Chap. 55, Sec. 32, an employee's claim for compensation is barred unless made to an employer within six months *after the date of incapacity*, with certain exceptions not necessary to consider here.

The defendants contended that no such claim was made or presented within the required period. The Commissioner ruled that the right to set up this defense had been waived by the employer.

Insistence of the defendants was that no evidence warranted the ruling as to waiver. The defendants presented no other issue on appeal.

Counsel for claimant conceded in argument that the ruling was erroneous, but contended that the claim was presented seasonably within the terms of the statute.

The legal principles as to waiver would have no application if, as a fact, the claim was made within the prescribed period from date of incapacity.

Examination of the record discloses that the Commissioner did not make any finding of fact as to the date of incapacity nor as to the date when the claim was actually made or presented. There was conflicting evidence upon both these questions. It might be said that the Commissioner, in determining that the employer had waived the requirement of notice of claim, assumed that the date of incapacity was coincident with the date of the injury, but this is *non sequitur*.

As pointed out in *Hustus' Case,* 123 Me., 428, 123 A., 514, 515, "A workman is incapacitated within the act when he had lost his earning power in whole or in part. This is the only test. The law provides no compensation for pain and none for physical impairment, except when it is of such character as to raise a presumption of incapacity to earn. . . . The workman is entitled to make a claim for compensation not for mere injury, but for accidental injury resulting in loss of earning power." It is then that the six months given for making claim begins to run.

It is evident from the record that the injury was caused by the accidental introduction of a foreign substance in the eye of the claimant. That it immediately incapacitated him was not decided. The defendant employer in his report to the Commission stated that at the time of the accident the claimant said he got something in his eye "and brushed it out and went to work. Nothing further was said for about three weeks, when he said his eye bothered him. . . . There seemed to be no injury at the time." No medical attention was secured until March 17th, when the claimant called at the office of a physician, and continued to do so for several days. He procured a prescription which he had filled at a drugstore. He went to a hospital on April 9th.

It is within the realm of common knowledge that a person may

suffer from an inflamed eye, which may be troublesome, without being incapacitated from attending to his work.

The Commissioner might find that date of incapacity as late as April 9th or as early as March 5th. Again, the Commissioner might find the date of claim for compensation as soon as September 6th or as late as October 3rd.

Sufficient reference has been made to show that these material questions were in doubt and left undecided. It is not the province of this Court to ascertain and determine facts; neither does the Court have the right nor duty to pass upon the application of a legal principle when it appears that the ruling was predicated upon an erroneous assumption as to facts, or that the Commissioner failed to decide facts which, if found in favor of the claimant, would obviate the necessity of considering the legal issue raised.

The Court has authority to recommit the case to the Industrial Accident Commission for the purpose indicated, and the Commission may receive and consider additional evidence thereon. *Mc-Kenna's Case*, 117 Me., 179, 103 A., 69; *Maxwell's Case*, 119 Me., 504, 111 A., 849; *Gauthier's Case*, 120 Me., 79, 113 A., 28; *Hutchinson's Case*, 123 Me., 250, 122 A., 626; *Murphy's Case*, 226 Mass., 60, 115 N. E., 40.

It has been deemed advisable to give the foregoing statement of the view of the Court, that the parties may adequately present factual issues for the determination of the proper tribunal, and avoid the contingency of future litigated questions with relation thereto.

There is, also, another and jurisdictional objection to the maintenance of the present appeal. It is premature. The case has never been closed before the Commission. The last paragraph of the decision reads: "It was agreed at the hearing that if liability were fixed, further evidence should be introduced at a continued hearing as to incapacity. The case stands continued. So ordered."

Under the Act, Sec. 36, the "Commissioner shall in a summary manner decide the merits of the controversy. His decision, findings of fact, and rulings of law, and any other matters pertinent to the questions so raised, shall be filed in the office of the Commission."

The Commissioner did not decide all the issues. Others, both of law and fact, remained undetermined. There is no stipulation filed

in the case which would prevent further litigation, including the right of appeal with respect thereto. Neither claimant nor defendant should be required to be subject to the delay or expense thereof.

Under Sec. 40, any party in interest may present certified copies of any order or decision to the Superior Court, whereupon any Justice thereof shall render a *pro forma* decree in accordance therewith. "Such decree shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit in equity duly heard and determined by said Court."

First, the Commissioner must decide the merits of the controversy. Then proceedings to procure a review require a decree *pro forma* by a Justice of the Superior Court, as though duly heard and determined by said Court. Both requirements clearly provide that cases under this Act must not be sent up piecemeal. In equity procedure it is irregular to bring exceptions to the Law Court before final hearing, and interlocutory decrees await determination on appeal until after final decree, when all previous decrees and orders are open to revision, renewal or approval. *Bath* v. *Palmer*, 90 Me., 467, 38 A., 365; *Maine Benefit Association* v. *Hamilton*, 80 Me., 99, 13 A., 134.

True, certain modifications of this rule are sometimes recognized in equity, as fully discussed in *Bean* v. *Power Co.*, 133 Me., 9, 173 A., 498; but they have no application here.

> *Appeal dismissed.*
> *Case recommitted to Industrial Accident Commission for further proceedings.*