PUBLIC UTILITIES COMMISSION

*vs.*

SACO RIVER TELEGRAPH AND TELEPHONE COMPANY.

Kennebec.    Opinion, January 9, 1937.

*Benjamin F. Cleaves*, for plaintiff.
*Hiram Willard*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    The respondent, Saco River Telegraph and Telephone Company, purports to bring this case before this Court on exceptions to certain findings and alleged rulings of the Public Utilities Commission.

The proceeding originated on a complaint filed by the Standish

Telephone Company against the respondent, seeking to determine the ownership of certain poles and equipment used in furnishing telephone service in the towns of Buxton and Hollis, and to establish the respective rights of the two companies to supply telephone service to such towns. The commission, not being satisfied that the matter was properly before it, entered a complaint on its own motion. The respondent filed an answer, in which was included by agreement what was in substance a cross complaint.

Hearings were had before the commission which made certain findings. These are to the effect that the Saco River Telegraph and Telephone Company had unlawfully extended its service to a certain portion of the area in question; that with respect to that part of the territory in which both companies have for some time operated, matters should for the present be left *in statu quo*, until the ownership of certain of the facilities should be settled. The final paragraph of the findings reads as follows:

"In view of the foregoing conclusions we shall make no definite order herein at this time but the case will remain open on the Commission's docket for such further hearing and order as may be required."

The respondent excepted to the exclusion of certain evidence and to the admisson of other evidence, also to the findings of the commission. These exceptions were allowed.

The case is not properly before us. The commission has made no order. It has suggested in its findings what order it may make under certain conditions. But exceptions do not lie to what is nothing more than an expressed intent to do something in the future. The case is still open on the commission's docket. A somewhat analagous situation was presented in the case of *Guthrie* v. *Mowry*, 134 Me., 256, 184 A., 895, where it was held that an appeal from a decree based on findings of the Industrial Accident Commission was premature when the record showed that the case had never been closed before the commission.

The result is the same with respect to the exceptions to the admission and exclusion of evidence. Until an enforcible order is made, it is impossible for a party claiming to be aggrieved to show that the rulings excepted to are really prejudicial. The showing of

prejudice is necessary, if exceptions to such rulings are to be sustained. *Damariscotta-Newcastle Water Co.* v. *Damariscotta-Newcastle Water Co.*, 134 Me., 349, 186 A., 799.

In any event, orderly procedure requires that, except under certain well-recognized conditions not here present, cases shall not be brought before the Law Court piecemeal.

*Case dismissed.*