INDIANA ALCOHOLIC BEVERAGE COMMISSION ET AL. *v.*
THOMAS J. MCSHANE ET AL.

[No. 2-276A76. Filed September 9, 1976. Rehearing denied November 12, 1976. Transfer denied April 15, 1977.]

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Assistant Attorney General, for appellants.

*Joseph F. Quill,* of Indianapolis, *Frank E. Spencer,* of Indianapolis, for appellees.

## CASE SUMMARY

BUCHANAN, P.J.—Defendants-Appellants, Indiana Alcoholic Beverage Commission and James D. Sims, Morris Tobian, Austin E. Barker, and William H. Warren as Members of the Indiana Alcoholic Beverage Commission (the ABC), appeal a permanent injunction in favor of Plaintiffs-Appellees, Thomas J. McShane, Gerald L. McKeand, Herbert A. Miller, and Robert B. Lynch, Jr. (McShane), mandating the ABC to effectively enforce its present rules and regulations preventing the advertising of alcoholic beverage prices and the gift or sale of alcoholic beverages by wholesalers to retail permittees free of cost or at prices below the invoice prices customarily charged, until such practices are allowed by law and enacted by the Indiana General Assembly. The ABC claims reversible error in that the trial court lacked subject matter jurisdiction due to failure to exhaust administrative remedies and lack of standing by McShane, erroneous Findings and Conclusions and wrongful invasion by the trial court of the statutory discretion of the ABC.

We reverse and remand.

## FACTS

The facts and evidence consisting of the proceedings before the ABC and the trial court are essentially undisputed:

On September 16, 1975, the ABC resolved to reevaluate certain of its rules and regulations. It was moved and passed that ". . . the Commission take all proper steps to research and commence the de-promulgation of those regulations which

they interpret to be those regulations which are in conflict with price advertising as the [sic] tend to depress a basic free enterprise system."

On October 7, 1975, the ABC formally resolved ". . . that the Executive Secretary execute all necessary steps to start the process of repealing Regulation 4, Rule 6 and 18; Regulation 6, 7, 10, 12, 17, 19, 26, 28, 32 and 40." (*See* Special Findings of Fact, *infra*.) A public hearing was subsequently set for October 28, 1975 and notice was published pursuant to IC § 4-22-2-4.

On October 27, 1975, McShane obtained a temporary restraining order against the ABC and its members in Marion County Superior Court, Room No. 1, prohibiting the public hearing scheduled for the next day. The restraining order was later dissolved and trial was held on McShane's "Amended Complaint for Injunction."

On December 19, 1975, the trial court entered its "Findings and Judgment," as follows:

### SPECIAL FINDINGS OF FACT

1. That the Plaintiff, Thomas J. McShane, is the holder of a beer, wine and liquor retailer's permit issued to restaurants; the plaintiff, Gerald L. McKeand, is the holder of a beer, wine and liquor dealer's permit issued to drug stores; and, the plaintiff, Herbert A. Miller, is the holder of a beer, wine and liquor dealer's permit issued to package stores; each such permit issued by the defendant, Indiana Alcoholic Beverage Commission.

2. That the Defendant Indiana Alcoholic Beverage Commission is a legal entity having certain powers and duties under and pursuant to Public Law No. 55, Acts 1973, and subsequent amendments thereto, and the Defendants, James D. Sims, Morris Tobian, Austin E. Barker and William H. Warren, are members of said Commission and were made party Defendants herein as such members.

3. The said Defendant Commission has heretofore adopted and there are presently in force its certain Regulation 4, Rules 6, 15 and 18, and Regulation 5, Section 3, which provide as follows:

*Burns' Adm. Rules and Regulations, (12-641)-6*

*Reg. 4, Rule 6.* Signs advertising price prohibited.—No holder of a permit to sell at retail alcoholic beverages shall display, or permit to be displayed upon the windows or any part of the licensed premises where it may be visible from the exterior any sign which advertises the price of alcoholic beverages, or the size of containers, glasses or mugs in which such alcoholic beverages are offered for sale.

*Burns' Adm. Rules and Regulations (12-641)-15*

*Reg. 4, Rule 15.* NEWSPAPER ADVERTISING.— Manufacturers, wholesalers and salesmen of alcoholic beverages, or the agent or representative thereof, may advertise alcoholic beverages by brand name or brand names, or the place where the same may be obtained at wholesale, in any newspaper or magazine which circulates generally to the public and which has a regular net paid subscription list.

Holders of permits to sell at retail alcoholic beverages may advertise alcoholic beverages by brand name or brand names, or the place where the same may be obtained at retail, in any newspaper or magazine which circulates generally to the public and which has been published at regular monthly intervals or oftener for two consecutive years subsequent to December 31, 1943.

Such advertisements shall not promote gambling, games of chance or contain offers of financial awards as inducements to purchase the alcoholic beverages advertised.

Such advertisements shall not refer, directly or indirectly, to the alcoholic content of alcoholic malt beverages.

Such advertisements shall not refer, directly or indirectly, to the alcoholic content of alcoholic malt beverages.

Such advertisements shall conform to the approved label upon the immediate container of the alcoholic beverages so advertised.

No manufacturer, wholesaler or salesman of alcoholic beverages, or the agent or representative thereof, shall pay in whole or in part for any advertisement, advertising any premises covered by a permit to sell at retail alcoholic beverages.

*Burns' Adm. Rules and Regulations (12-641)-18*

*Reg. 4, Rule 18.* Price advertising.—Prices of any alcoholic beverages may be advertised by its brand name in such media as herein permitted providing said brand of

beverage is offered for sale under a fair trade contract on file with the Indiana alcoholic beverage commission.

*Burns' Adm. Rules and Regulations (12-636)-3*

*Reg. 5, Section 3.* FREE BEVERAGES PROHIBITED. —No manufacturer, wholesaler or salesman shall give the holder of a permit to sell at retail alcoholic beverages, nor the employees of such retailers, any alcoholic beverage free of cost, nor shall they sell alcoholic beverages to such permittee, or his employees, below the invoice price customarily charged for such alcoholic beverages.

No holder of a permit to sell at retail alcoholic beverages, nor the employees of such permittees, shall accept, free of cost, alcoholic beverages nor shall they purchase alcoholic beverages at a price below that customarily charged for such alcoholic beverages, from any manufacturer, wholesaler or salesman of alcoholic beverages.

No manufacturer or salesman of alcoholic beverages shall give, free of cost, or sell any alcoholic beverages to the holder of a permit to sell alcoholic beverages at wholesale below the invoice customarily charged for such alcoholic beverages.

No holder of a permit to sell at wholesale alcoholic beverages shall accept free of cost, or purchase any alcoholic beverages below the invoice price customarily charged by such manufacturer or salesman of alcoholic beverages.

4. That wholesalers of alcoholic beverages are giving alcoholic beverages free of cost to holders of permits to sell at retail alcoholic beverages, and are selling alcoholic beverages to such permittees below the invoice prices customarily charged for such alcoholic beverages; and such deliveries free of cost and discounts deducted from the invoice price customarily charged for such alcoholic beverages are being justified and extended to the said retail permittees on the basis of quantity sales, sometimes called "deals" in the regulated industry, the effect of which "deals" being that the more alcoholic beverages purchased the lower the prices, either by means of cash discounts or by means of delivery of specified additional quantities of alcoholic beverages free of cost with the large quantity orders.

5. That the Indiana Alcoholic Beverage Commission is not effectively enforcing said Regulation 4, Rules 6 and 15, and Regulation 5, Section 3, and has adopted a policy to take action to permit price advertising of alcoholic beverages on the basis that the alcoholic beverage industry is a part of a basic free enterprise system.

6. That the advertising of prices of alcoholic beverages by means of signs visible from the exterior of the premises of retail permit holders, and by means of public advertising, such as newspapers and magazines, tends to increase rather than limit the sale of alcoholic beverages.

7. That the Plaintiffs, as holders of retail permits, have an interest in the lawful and effective regulation of the alcoholic beverage industry, and there is no remedy available to them at law to secure the lawful and effective regulation by the Defendants of the alcoholic beverage industry concerning price advertising and sales of alcoholic beverages at reduced retail prices based on the quantity sold.

8. That unless required by the relief herein sought by the Plaintiffs from this Court, the Defendants will not effectively enforce their said rules and regulations to prevent price advertising and the sale, delivery and purchase of alcoholic beverages by retail permittees from wholesalers free of cost or at prices below the invoice prices customarily charged for such alcoholic beverages.

## CONCLUSIONS OF THE LAW

1. The law is with the Plaintiffs and against the Defendants.

2. The alcoholic beverage industry is regulated under the police power of the State of Indiana and is neither a basic free enterprise system nor a part of a basic free enterprise system.

3. It is the public policy of the State of Indiana, unless and until changed by the General Assembly of Indiana, that the manufacture, possession, sale and use of alcoholic beverages be regulated and limited, and that the provisions of the regulating statute, which the Defendant Commission has the duty to follow and implement, be liberally construed so as to effectuate the stated purposes of the statute, including the said purpose to regulate and limit the sale of alcoholic beverages.

4. The advertising of prices of alcoholic beverages, whether by brand name or by description of their nature or kind, is contrary to public policy, and therefore contrary to law.

5. The delivery of alcoholic beverages by wholesalers to retail permittees free of charge is contrary to public policy, and therefore contrary to law.

6. The sale of alcoholic beverages by wholesalers to retail permittees with quantity discounts, so that a specific

alcoholic beverage will cost less to a specific purchaser than to other purchasers if a larger quantity is purchased by him than by other purchasers, is contrary to public policy, and therefore contrary to law.

7. That in view of the overriding public policy of limitation of sales of alcoholic beverages, with liberal construction thereof required, and the clear and precise provisions in Regulation 4, Rule 15, as to what newspaper and magazine advertising of alcoholic beverages may contain, all matters and subjects not permitted and allowed in such advertising, including prices of alcoholic beverages, are prohibited. (The Court notes that Regulation 4, Rule 18, allows an exception in cases of fair trade contracts, which exception is a moot matter, there being no such fair trade contracts ever on file with the Commission, but this Rule 18 impliedly recognizes that all other price advertising is otherwise prohibited. There is no necessity to rule on the question of said public policy as to price advertising pursuant to fair trade contracts.)

## JUDGMENT

IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED that the Indiana Alcoholic Beverage Commission be, and it now is herein enjoined by the Court as follows: That said Commission and its Members shall effectively enforce Public Law 55, Acts 1973, and the rules and regulations of the said Commission, to prevent, rather than allow, the advertising of prices of alcoholic beverages by any means to the public and persons not inside the premises where alcoholic beverages are sold, including signs containing such prices visible to the exterior of the retail premises, and price advertising in newspapers, magazines and otherwise, unless and until such price advertising is allowed by law as enacted by the Indiana General Assembly. IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that said Commission and its Members shall likewise effectively enforce Public Law 55, Acts 1973, and the rules and regulations of said Commission, to prevent, rather than allow, the gift and/or sale of alcoholic beverages by wholesalers to retail permittees free of cost and/or at prices below the invoice prices customarily charged for such alcoholic beverages, by means of quantity discounts, rebates, or additional quantities of alcoholic beverages without charge on the basis and by reason of the quantity purchased; and that such action and effective enforcement by said Commission and its Members to prevent said gifts and quantity discounts and rebates upon purchases

of alcoholic beverages shall continue unless and until such practices intended to increase the sale of alcoholic beverages are allowed by law as enacted by the Indiana General Assembly.

The Defendant Commission being an agency of the State of Indiana, and the Defendant Members of said Commission being officers of the State of Indiana, no costs are herein adjudged against them.

The ABC appeals.

## ISSUE

The dispositive issue on appeal is:

Did the trial court properly grant the permanent injunction mandating the ABC to effectively enforce its present rules and regulations regarding price advertising and quantity discounts unless and until instructed otherwise by the Indiana General Assembly?

The ABC contends the trial court lacked subject matter jurisdiction because McShane failed to exhaust available administrative remedies and lacked standing to sue. It also contends certain Findings of Fact are clearly erroneous as unsupported by sufficient evidence and certain Conclusions of Law are clearly erroneous and contrary to law as "predicated on fallacious reasoning from legal principles." The ABC further argues the trial court abused its discretion in granting the injunction because it invades the statutory discretion left to the ABC by the Legislature.

McShane's brief does not reach the merits, but attacks the ABC's brief as so procedurally defective as to preclude us from taking any action other than affirming the judgment of the trial court.

While not a model (see *Citizens National Bank of Grant County v. Harvey* (1975), 167 Ind. App. 595, 334 N.E.2d 719), the ABC's brief does substantially comply with the Ind. Rules of Appellate Procedure.

On the basis of oral argument we gather it to be McShane's position that the ABC was acting contrary to stated public

policy limiting consumption of alcoholic beverages because it was not enforcing its own rules and regulations prohibiting price advertising and quantity discounts and because it was threatening to revoke them.

## DECISION

CONCLUSION—It is our opinion that the issuance of the injunction by the trial court mandating the ABC to enforce its present rules and regulations is an unwarranted excursion into the executive branch of government.

Innumerable decisions in this State have recognized that administrative functions can be validly delegated by the Legislature to administrative agencies if sufficient standards are imposed to guide the agency in exercising its statutory authority. *See Baldwin* v. *Inter City Contractors, Inc.* (1973), 156 Ind. App. 497, 297 N.E.2d 831; *Alanel Corp.* v. *Indianapolis Redevelopment Comm.* (1958), 239 Ind. 35, 154 N.E.2d 515; *Matthews* v. *State* (1958), 237 Ind. 677, 148 N.E.2d 334; *Schakel* v. *Review Bd. of Ind. Emp. Sec. Div.* (1968), 142 Ind. App. 475, 235 N.E.2d 497; *Gross Income Tax Div.* v. *Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415; *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 101 N.E.2d 60; *Dept. of Financial Inst.* v. *Johnson Chev. Co.* (1950), 228 Ind. 397, 92 N.E.2d 714; *Benton County Council* v. *State ex rel. Sparks* (1946), 224 Ind. 114, 65 N.E.2d 116; *Kryder* v. *State* (1938), 214 Ind. 419, 15 N.E.2d 386; *Carroll Perfumers, Inc.* v. *State* (1937), 212 Ind. 455, 7 N.E.2d 970; *Albert* v. *Milk Control Board of Indiana* (1936), 210 Ind. 283, 200 N.E. 688.

The ABC is the recipient of such delegation. *See* IC § 7.1-2-1-1 *et seq.* It has broad powers, both express and implied, to regulate and limit the possession, sale and use of alcoholic beverages, including the power to issue and revoke alcoholic beverage permits (*see* IC § 7.1-2-3-9), the power to "promulgate [and depromulgate] rules and regulations" governing the alcoholic beverage industry (*see* IC §§ 7.1-2-3-7, -6, -16), and

the power to enforce and administer the provisions of Title 7.1 and the rules and regulations of the ABC (*see* IC § 7.1-2-3-2). It also has express statutory authority in IC § 7.1-2-3-8

> . . . to conform, to adapt, or to coordinate, to the extent the commission deems proper the practices, methods, standards, and rules and regulations governing the traffic in alcohol and alcoholic beverages, with the practices, methods, standards and rules and regulations established by an officer or agency of the United States government.

In accordance with its statutory authority (*per* IC § 7.1-2-3-6 and §§ 4-22-2-4, -5, -6) to revoke rules and regulations adopted by it, the ABC scheduled a public hearing for the presentation of facts, views, and comments of interested parties relating to proposed revocation of the rules and regulations in question. By statute (IC § 4-22-2-4) the ABC is required at such a hearing to give "full consideration" to "all relevant matter presented."

Before it could do so, the ABC was presented with an injunction mandating it, in effect, to enforce its present rules and regulations preventing price advertising and quantity discounts until such time as it had specific authority from the Legislature to allow price advertising and quantity discounts. Differently stated, the ABC was prohibited from exercising its statutory discretion to revoke or not revoke its rules and regulations within its statutory authority (IC §§ 7.1-2-3-7, -6, -16) without having taken final action.[1]

Such an intrusion into the affairs of this administrative agency by the trial court is unlawful for three reasons:

1. We recognize Indiana precedent holding an administrative agency may not disregard its own rules and regulations in derogation of statutory and constitutional rights, although it may have statutory authority (as given the ABC) to change them at any time. *See Indiana Department of Public Welfare* v. *DeVoux* (1974), 161 Ind. App. 40, 314 N.E.2d 79; *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N.E.2d 101; *Davidson v. Review Board of the Indiana Employment Security Division* (1974), 160 Ind. App. 221, 311 N.E.2d 472.

However, the injunction issued by the trial court in this case was not limited to merely requiring the ABC to enforce its present rules and regulations.

I. The parties-plaintiff in this action did not have standing to maintain the action.

II. The action was brought prematurely.

III. The action violated the fundamental principle of separation of powers.

# I

*First,* the trial court's action was unlawful because no party-plaintiff had standing to maintain the action.

The rules of standing in this State are applicable to administrative proceedings. *See The Ins. Commrs. of Ind.* v. *Mutual Med. Ins., Inc., et al.* (1968), 251 Ind. 296, 301, 241 N.E.2d 56; *Bowen* v. *Metropolitan Bd. of Zon. App. of Marion Cty.* (1974), 161 Ind. App. 522, 317 N.E.2d 193, 197. Although Indiana's rules governing a party's standing to sue are not without uncertainty, our Supreme Court recently reaffirmed the principle that "[i]n Indiana the standing requirement is stated in terms of the requirement of a party to *show injury.* . . ." *Board of Com'rs* v. *Kokomo City Plan Com'n* (1975), 263 Ind. 282, 330 N.E.2d 92, 96. (Emphasis supplied.) The Supreme Court further elucidated:

> . . . Of course, any individual or non-governmental corporation *subject to the provisions of a statute* and *adversely affected thereby* would have standing to invoke this provision of the State Constitution.
> *Board of Commissioners* v. *Kokomo City Planning Commission, supra,* 330 N.E.2d at 100. (Emphasis added.)

Other recent Indiana cases discussing the standing requirement have stressed the need for: (1) a substantial wastage of public funds, in the area of taxpayer litigation (*see Montagana* v. *City of Elkhart* (1971), 149 Ind. App. 283, 289, 271 N.E.2d 475; *Reafsnyder* v. *City of Warsaw* (1973), 155 Ind. App. 455, 293 N.E.2d 540, 543); and (2) a pecuniary injury or interference with a private legal right, i.e., such as ". . . any property interest or any interest not common to the community as a whole . . .", in the non-taxpayer area (*see*

*Metropolitan Dev. Com'n of Marion Co.* v. *Cullison* (1972), 151 Ind. App. 48, 277 N.E.2d 905, 907-8).

There also exists Indiana precedent that for a private claimant to maintain an action for violation of a general public right or for protection of a public interest, he must show some special individual injury other than that sustained by the public in general. *See Greene, Mayor* v. *Holmes* (1929), 201 Ind. 123, 129, 166 N.E. 281; *Ott* v. *Johnson* (1974), Ind. App., 307 N.E.2d 523, 527, *reversed on other grounds,* (1974), 262 Ind. 548, 319 N.E.2d 622, 624.

Applying these rules to these plaintiffs, none of them had the requisite standing to sue.

As stated in the Amended Complaint for Injunction, Robert B. Lynch, Jr. (Lynch) sued as ". . . a resident and taxpayer of the State of Indiana . . . [having] . . . a continuing interest in the limitation of the sale of alcoholic beverages in the State of Indiana, which limitation, marketing and use is controlled by the said Commission." Lynch neither alleged nor proved any *special* existing or threatened injury from the anticipated ABC action not shared by the public in general.

Thomas J. McShane, Gerald L. McKeand, and Herbert A. Miller sued in a dual capacity both as citizens and as holders of certain retail liquor permits. As citizens, they stand in no better position than Lynch. As permittees, there is no evidence in the record that they possessed any civil or property interest sufficient to sustain the *special* existing or threatened injury needed to establish their right to litigate the action. *See State ex rel. Harris* v. *Superior Court* (1964), 245 Ind. 339, 349, 197 N.E.2d 634; *Selle* v. *Short* (1975), 164 Ind. App. 6, 326 N.E.2d 610; IC § 7.1-3-1-2.

Thus the trial court's finding

That the Plaintiffs, as holders of retail permits, have an interest in the lawful and effective regulation of the alcoholic beverage industry, and there is no remedy available to them at law to secure the lawful and effective regulation

by the Defendants of the alcoholic beverage industry concerning price advertising and sales of alcoholic beverages at reduced retail prices based on the quantity sold.

is an unsupported conclusory statement which is clearly erroneous. *See* Ind. Rules of Procedure, Trial Rule 52(A).[2]

As none of the parties plaintiff possessed the requisite standing to maintain the action, the trial court lacked jurisdiction to enter an injunction.

## II

*Second,* the trial court's action was premature.

In *Downing* v. *Board of Zoning Appeals of Whitley County* (1971), 149 Ind. App. 687, 274 N.E.2d 542, this Court stated:

> *Courts are reluctant to review interim steps of an administrative body which are not, or have not become final.* . . . Such review would only delay the administrative process, thereby rendering administrative authority ineffectual.
>
> * * *
>
> . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. . . . *Generally, judicial review is denied for lack of finality if an action by an administrative agency is only anticipated.* Review will also be denied when action has been taken if the matter is still pending final disposition of interim steps. . . . 149 Ind. App. at 690, 691 (citation omitted). (Emphasis added.)
>
> *See also State ex rel Calumet National Bank of Hammond* v. *McCord* (1962), 243 Ind. 626, 189 N.E.2d 583; *Indiana Stream Pol. C.B.* v. *United States Steel Corp.* (1974), 262 Ind. 199, 313 N.E.2d 693, 698.

The prohibition against courts interfering with interim acts of administrative agencies is incorporated in principle in the Administrative Adjudication Act (the AAA), which governs judicial examination of ABC quasi-judicial decisions.

---

2. Regarding the availability of an adequate remedy at law, our Supreme Court suggested in *Greene, Mayor* v. *Holmes* (1929), 201 Ind. 123, 130, 166 N.E. 281 that the proper way to assert a public right or protect a public interest was by the legal remedy of mandamus. The present-day counterpart of a suit for mandamus is an action for mandate. *See* IC § 34-1-58 *et al.*

*See State ex rel. Ind. Alc. Bev. Com'n* v. *Lake Superior Court* (1972), 259 Ind. 123, 284 N.E.2d 746; IC §§ 4-22-1-1 to -30. The Legislature's explicit, unmistakable intent which by analogy applies with equal force to an agency's rule-making functions is that judicial review is only available from *final* agency decisions.[3] *See* IC §§ 4-22-1-11, -13, -14, -15, -17, -18.

If the administrative action is not finalized, ". . . it is impossible for complainant to show such irreparable injury as would warrant judicial relief. . . ." *Downing* v. *Board of Zoning Appeals of Whitley County, supra,* 149 Ind. App. at 692. *See also Public Utilities Commission* v. *Saco River Telegraph & Telephone Co.,* 135 Me. 68, 189 A. 186 (1937); *Thomas* v. *Ramberg,* 240 Minn. 1, 60 N.W.2d 18 (1953).

In the situation before us, the ABC has express authority to schedule public hearings, to adopt and revoke rules and regulations, and to do anything required to bring Indiana law into compliance with Federal practices. *See* IC §§ 4-22-2-1 to -11 and §§ 7.1-2-3-1 to -31. To enjoin the ABC at such an early stage, before any affirmative action has been taken, anticipates its final decision and is unwarranted under the circumstances of this case.

### III

*Third,* issuance of the trial court's injunction violated the venerable separation of powers clause—Article III, § 1 of the Indiana Constitution.[4]

3. At trial McShane argued that *Financial Aid Corporation* v. *Wallace* (1939), 216 Ind. 114, 23 N.E.2d 472 holds a court may interfere with an administrative officer in the performance of his duties "if he undertakes to perform an unauthorized act." *See* 216 Ind. at 122. However, the case is readily distinguishable in that: (1) the statute in question, The Small Loan Act, contained no provision for appeal from an order of the Department of Financial Institutions; and (2) the plaintiff sought a declaratory judgment as to the constitutionality of the entire Act, and not to enjoin an agency's anticipated exercise of its discretionary rule-making power.

4. Article III, § 1 provides:

§ 1. Three departments.—The powers of the Government are divided into three separate departments; the Legislative, the Executive in-

Indiana, like other jurisdictions, recognizes the need for unfettered action by administrative agencies operating within the sphere of their authority. A court may not attempt to control an agency's valid exercises of its discretionary powers or to substitute its judgment for that of the agency in matters within the realm of the agency's delegated authority.[5] In *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312, Justice Hunter describes the limited review power exercised by the courts:

> To assure that the administrative process does not exceed the bounds of justice the courts have been required to exercise a certain review power. But, because we must be ever aware that *we operate within a tri-partite system of government, courts must carefully police the scope of their review* so that they do not intrude into the area of valid administrative discretion. . . . We may make such a ruling [that an administrative act was capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence] if the facts of a case warrant it *but we may not interfere with acts by an administrative body which are within the allowable scope of responsible discretion.* . . . 255 Ind. at 344, 345 (citations omitted). (Emphasis added.)

The tendency exists in a government divided into three branches for one branch to encroach on another. James Madison in THE FEDERALIST describes power as being "of an encroaching nature."[6]

---

cluding the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided.

5. *State ex rel. Ind. Alc. Bev. Com'n* v. *Lake Superior Ct.* (1972), 259 Ind. 123, 284 N.E.2d 746; *Ind. Alc. Bev. Comm.* v. *Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161; *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312; *City of Washington* v. *Boger* (1961), 132 Ind. App. 192, 176 N.E.2d 484; *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332, 108 N.E.2d 889; *Board of Zoning Appeals* v. *Wheaton* (1948), 118 Ind. App. 38, 76 N.E.2d 597; *Lost Creek School Twp., Vigo County* v. *York* (1939), 215 Ind. 636, 21 N.E.2d 58; *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N.E.2d 501.

6. "It is agreed on all sides, that the powers properly belonging to one of the departments [of government] ought not to be directly and completely administered by either of the other departments. It is equally evident, that none of them ought to possess, directly or indirectly, an

And so it is in the case before us. The trial court encroached into the legitimate process of ABC rule-making before that process was complete.

In ultimately reaching its determination the ABC, being a statutory creature, is limited in its discretion to the standards and guidelines incorporated into Title 7.1 of the IND. CODE . . . particularly revelant would appear to be IC § 7.1-1-1-1 (General Purposes); IC § 7.1-1-2-1 (Construction); IC § 7.1-2-3-4 (General Powers of Commission); IC §§ 7.1-2-3-6, -7 (Rulemaking; Rules and Regulations); IC § 7.1-2-3-8 (Conformance to United States Law); IC § 7.1-2-3-16 (Regulation of Advertising); IC §§ 7.1-5-2-3, -4, -5 (Signs Regulated; Gift of Outside Sign Prohibited; Brand Name Advertising Limited); and IC §§ 7.1-5-5-10, -11 (Acceptance of Gift by Retailer Prohibited; Gift to Retail Permittee Prohibited). Also relevant may be the present federal anti-trust litigation involving the alcoholic beverage industry in Indiana in light of IC § 7.1-2-3-8 (Conformance to United States Law). However, the legality of the ABC's ultimate determination is not now before us.

Therefore, we reverse and remand this case to the trial court and direct it to dissolve its permanent injunction against the ABC.

White, J., concurs; Sullivan, J., concurs in result only.

NOTE.—Reported at 354 N.E.2d 259.

---

overruling influence over the others, in the administration of their respective powers. It will not be denied, that power is of an encroaching nature, and that it ought to be effectively restrained from passing the limits assigned to it. . . ."

THE FEDERALIST (Madison) Nos. 47 & 48.

See also Humphrey's Ex'r v. United States, 295 U.S. 602, 55 S.Ct. 869, 874-875, 95 L.Ed. 1611 (1935); O'Donoghue v. United States, 289 U.S. 516, 530-531, 53 S.Ct. 740, 77 L.Ed. 1356 (1933); Springer v. Government of the Philippine Islands, 277 U.S. 189, 48 S.Ct. 480, 482, 72 L.Ed. 845 (1928); Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923); McCray v. United States, 195 U.S. 27, 24 S.Ct. 769, 776, 49 L.Ed. 78 (1904); Kilbourn v. Thompson, 103 U.S. 168, 190, 191, 26 L.Ed. 377 (1880); 1 ANDREWS, THE WORKS OF JAMES WILSON, at 367 (1896); 1 STORY OF THE CONSTITUTION § 530 (4th ed.); MONTESQUIEU, THE SPIRIT OF THE LAWS (1748).