788 N.E.2d 505 (2003)
Rosemary Adams HUFFMAN, Appellant-Plaintiff,
v.
INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and Eli Lilly and Company, Appellees-Respondents.
No. 49A02-0207-CV-564.
Court of Appeals of Indiana.
May 19, 2003.
Rehearing Denied July 14, 2003.
*506 Rosemary Adams Huffman, Indianapolis, IN, pro se Appellant.
David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee Indiana Department of Environmental Management.
Daniel P. McInerny, George T. Patton, Jr., Bose McKinney & Evans LLP, David B. Barnard, Jodie L. Mitchell, Indianapolis, IN, Attorneys for Appellee Eli Lilly and Company.

OPINION
VAIDIK, Judge.

Case Summary
Rosemary Adams Huffman appeals the dismissal of her petition for administrative review on grounds she did not have standing. Specifically, Huffman argues that the Indiana Office of Environmental Adjudication (OEA) erred when it interpreted the requirement that a person be "aggrieved or adversely affected" to mean that a person needs to show direct injury as defined by the judicial doctrine of standing. We agree that the OEA applied the wrong standard and should have given the term "aggrieved or adversely affected" its plain meaning, namely, "a denial of some personal, pecuniary or property right or the imposition upon [the person] of a burden or obligation." Further, after reviewing Huffman's petition and amended petition, we find that there is not substantial evidence to support the dismissal of her petition, and we reverse.[1]

Facts and Procedural History
Eli Lilly & Co. (Lilly) petitioned the Indiana Department of Environmental Management (IDEM) for the renewal of its National Pollutant Discharge Elimination System (NPDES) permit in relation to its Greenfield laboratories. IDEM subsequently issued the renewal permit.
Shortly thereafter, Huffman filed a petition seeking administrative review by the OEA of IDEM's issuance of the permit. In her petition before the OEA, Huffman claimed to qualify for administrative review under the Indiana Administrative Orders *507 and Procedures Act (AOPA) as a person "aggrieved or adversely affected" by IDEM's order renewing Lilly's NPDES permit. Specifically, she asserted aggrieved status as a citizen of Indiana and because her family owned an interest in property located contiguous to Lilly's Greenfield facility. She also objected to the permit because of health risks to contiguous property owners.
During a prehearing conference, Lilly objected to Huffman's lack of standing to petition for administrative review. Because of this concern, Huffman amended her original petition to state that her "interest in this matter is as a member of the public and that her family has residential property, in which she has had a legal interest for several years, contiguous to the Lilly property." Appellant's App. p. 42.
Lilly then moved to dismiss her petition and argued that the judicial doctrine of standing, which requires a showing of direct injury, applied to administrative proceedings and that Huffman failed to allege facts sufficient to establish any direct injury. In granting the motion to dismiss, the OEA agreed with Lilly that the proper definition of "aggrieved or adversely affected" was that of the judicial doctrine of standing. After applying that standard, the OEA concluded that Huffman lacked standing to petition for administrative review, and therefore the OEA did not have subject matter jurisdiction. Huffman subsequently filed a timely petition for judicial review of the OEA's decision. On appeal, the trial court affirmed. This appeal ensued.

Discussion and Decision
Huffman appeals the trial court's decision to affirm the OEA's dismissal of her petition for administrative review. In particular, Huffman argues that the OEA erred when it required her to show that she satisfied the requirements of the judicial doctrine of standing in order to qualify for administrative review. When reviewing the decision of an administrative agency, this Court is bound by the same standard of review as the trial court. Hopkins v. Tipton County Health Dep't, 769 N.E.2d 604, 607 (Ind.Ct.App.2002). An administrative decision should be reversed only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. See Ind.Code § 4-21.5-5-14(d); Ind. Dep't of Envtl. Mgmt. v. Adapto, Inc., 717 N.E.2d 646, 649 (Ind.Ct. App.1999). However, we are free to determine any legal question that arises out of the administrative agency's decision and are not bound by its interpretation of the law. Ind. Gas Co., Inc. v. Office of Utility Consumer Counselor, 610 N.E.2d 865, 869 (Ind.Ct.App.1993). The law is the province of the judiciary. Cowper v. Collier, 720 N.E.2d 1250, 1255 (Ind.Ct.App.1999), reh'g denied, trans. denied.

I. "Aggrieved or Adversely Affected" for Administrative Review
In this case, the OEA found that a person must satisfy the requirements of the judicial doctrine of standing in order to petition for administrative review. In particular, the OEA found that Indiana Alcoholic Beverage Commission v. McShane, 170 Ind.App. 586, 354 N.E.2d 259 (1976), requires that the judicial doctrine of standing, as now defined in Schloss v. City of Indianapolis, 553 N.E.2d 1204 (Ind.1990), reh'g denied, be applied to those seeking administrative review of agency decisions.
*508 Appellant's App. p. 25-26. The judicial doctrine of standing states:
[I]n order to invoke a court's jurisdiction, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue.
Schloss, 553 N.E.2d at 1206 (quoting Higgins v. Hale, 476 N.E.2d 95, 101 (Ind. 1985)). While we agree that a person is required to show some form of standing in order to petition for administrative review, we do not agree that the judicial doctrine of standing is the proper formulation. The judicial doctrine of standing applies to lawsuits filed in a trial court and to matters not covered by the AOPA; however, this case was before an administrative agency to which the AOPA applied. Therefore, we look to the AOPA for guidance as to the standard one must meet to petition for administrative review.
The AOPA explicitly defines who may seek administrative review of an agency action. In order to qualify for administrative review of an agency order under the AOPA:
[A] person must petition for review in a writing that does the following:
(1) States facts demonstrating that:
(A) the petitioner is a person to whom the order is specifically directed;
(B) the petitioner is aggrieved or adversely affected by the order; or
(C) the petitioner is entitled to review under any law.
Ind.Code § 4-21.5-3-7(a)(1).[2] When interpreting a statute, the first step is to determine whether the legislature has spoken clearly and unambiguously on the point in question. St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699, 703-04 (Ind.2002). If a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Id.
In this case, Huffman sought administrative review as a person "aggrieved or adversely affected" by the administrative order. The phrase "aggrieved or adversely affected" is not ambiguous and must be given its plain meaning. In order to qualify for administrative review as an "aggrieved or adversely affected" person, one must show "a substantial grievance, a denial of some personal, pecuniary or property right, or the imposition ... of a burden or obligation." Black's Law Dictionary 43 (6th ed.1991); see also Bagnall v. Town of Beverly Shores, 726 N.E.2d 782, 786 (Ind. 2000).
Rather than giving "aggrieved or adversely affected" its plain meaning, the OEA read into the phrase the common law requirements of judicial standing. It did so despite the clear, unambiguous language of the AOPA. This was error. Had the legislature intended to require that a person "aggrieved or adversely affected" also establish that he or she met the requirements of the judicial doctrine of standing, it could have inserted statutory language that clearly suggested that intent.[3] *509 Because the legislature already has defined who qualifies for administrative review, it was error for the OEA to read into the phrase "aggrieved or adversely affected" a common law standing doctrine.[4]
Accordingly, we conclude that in order to qualify for administrative review as an "aggrieved or adversely affected" person, one need not show that he or she has sustained or was in immediate danger of sustaining some direct injury. Rather, a person need show the imposition of a burden or obligation, a substantial grievance, or the denial of some personal, pecuniary, or property right.[5]

II. Lack of Substantial Evidence
We must now determine whether, after applying the plain meaning of "aggrieved or adversely affected," there is substantial evidence to support the OEA's decision to deny Huffman standing. Before the OEA, in addition to arguing she had standing as a citizen of the State, Huffman also claimed aggrieved status in her amended petition as the owner of a property interest in land adjacent to Lilly's Greenfield facility. Lilly countered in its motion to dismiss that Huffman does not own a property interest in any adjacent land. Also, Lilly claimed that even if it were decided Huffman owns a property interest, she has failed to allege the denial of any rights as an adjacent property owner. Finally, in its motion to dismiss, Lilly argued that Huffman is unable to show harm because the property in which she claims an interest is located upstream from the point where Lilly discharges.
Lilly filed its motion to dismiss based on Indiana Trial Rule 12(B)(1), lack of subject matter jurisdiction. The trial rules may be followed in an administrative proceeding pursuant to 315 Indiana Administrative Code 1-3-1(a)(10), which empowers an environmental law judge to *510 apply the trial rules. However, "[a]n allegation that a party lacks standing is properly filed under Ind. Trial Rule 12(B)(6) [failure to state a claim]." Schulz v. Ind. Gaming Comm'n, 731 N.E.2d 1041, 1043 (Ind.Ct.App.2000), trans. denied. Therefore, we consider Lilly's motion to dismiss as a Rule 12(B)(6) motion instead of a Rule 12(B)(1) motion. See Schlosser v. Bank of W. Ind., 589 N.E.2d 1176, 1178 (Ind.Ct.App.1992), reh'g denied.[6]
In reviewing a Rule 12(B)(6) motion, a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint. Dixon v. Siwy, 661 N.E.2d 600, 603 (Ind.Ct.App.1996). This Court views the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. Lattimore v. Amsler, 758 N.E.2d 568, 570 (Ind.Ct.App.2001). In this case, Huffman originally averred in her petition that she had standing to seek administrative review "as a member of the public and because her family has residential property contiguous to the Lilly property." Appellant's App. p. 47. She also objected to the issuance of the permit because it "failed to address health risks to the residential use of contiguous property from toxicology research and other Lilly activities involving discharge of water." Appellant's App. p. 48. If these were the only allegations Huffman made, we would find that she lacked standing for administrative review because she failed to allege facts demonstrating that she had been denied some personal, pecuniary, or property interest or had been imposed with a burden or obligation. However, Huffman subsequently amended her original petition to include "that her family has residential property, in which she has had a legal interest for several years, contiguous to the Lilly property." Appellant's App. p. 42 (emphasis added). This additional fact, which we assume to be true for purposes of our review, demonstrated that Huffman herself was allegedly being denied a personal, property, or pecuniary interest, i.e., *511 potential pollution of property she owns. Accordingly, there is no substantial evidence to support the OEA's decision, and we conclude that Huffman's petition for administrative review should not have been dismissed pursuant to Rule 12(B)(6).[7] We reverse and remand to the trial court with instructions to remand to the OEA for further proceedings not inconsistent with this opinion.
Reversed and remanded.
DARDEN, J., and NAJAM, J., concur.
NOTES
[1] Because Huffman has included materials in her appendix and made reference to them in her brief, even though they were not presented before the administrative law judge, we hereby grant Lilly's and IDEM's motion to strike such materials and references. See In re Adoption of Infant Child Baxter, 778 N.E.2d 417, 418 n. 1 (Ind.Ct.App.2002).
[2] The predecessor to the AOPA, the Administrative Adjudication Act (AAA), gave "all interested persons or parties" the right to seek administrative review. Ind.Code § 4-22-1-4 (repealed 1986). But, on the other hand, judicial review was afforded to "[a]ny party or person aggrieved." Ind.Code § 4-22-1-14 (repealed 1986). Thus, an "interested person" could fail to have standing to seek judicial review of an order yet qualify for administrative review "if the practice complained of is one in which the public generally has an interest." Ins. Comm'rs v. Mut. Med. Ins., Inc., 251 Ind. 296, 300, 241 N.E.2d 56, 59 (1968).
[3] It should be noted that while the legislature failed to provide guidance on what "aggrieved or adversely affected" means for purposes of seeking administrative review, it has provided such guidance for a person "aggrieved or adversely affected" seeking judicial review. See Ind.Code § 4-21.5-5-3(a)(4), (b) (providing additional requirements in order to be considered "aggrieved or adversely affected" for judicial review). Additionally, we note that one who qualifies as "aggrieved or adversely affected" for administrative review will automatically qualify for judicial review of the administrative decision. See Ind.Code § 4-21.5-5-3(a)(2) (stating that "[a] person who was a party to the agency proceedings that led to the agency action" has standing to seek judicial review of the agency action).
[4] When it determined that the judicial doctrine of standing applied to administrative proceedings, the OEA relied upon cases decided before the AOPA was enacted by 1986 Ind. Acts, P.L. 18, § 1 (completely effective July 1, 1987). In particular, the OEA cited to Indiana Alcoholic Beverage Commission v. McShane, 170 Ind.App. 586, 354 N.E.2d 259 (1976). Because McShane was dealing with the legislative scheme of the AAA, and not the AOPA, we find it inapposite on this point.
[5] Huffman would have us find that it is sufficient to qualify for administrative review as an "aggrieved or adversely affected" person merely by establishing that she is a citizen of the State of Indiana. In support of this argument, Huffman cites to Indiana Code chapter 13-30-1, which deals with standing to sue for declaratory and equitable relief in the name of the State where environmental challenges are made. However, we note that Huffman did not "sue" for administrative review under chapter 13-30-1. Therefore, her argument must fail. Additionally, considering the AOPA changed the administrative standing requirements from "all interested persons or parties," see Ind.Code § 4-22-1-4 (repealed 1986), to "aggrieved or adversely affected," see Ind.Code § 4-21.5-3-7(a)(1), we reject the argument that any citizen may seek administrative review of an agency order.
[6] Indiana Trial Rule 12(B) addresses how to treat a Rule 12(B)(6) motion that incorporates materials outside the pleadings. Specifically, in the event that matters outside the pleadings are presented to the court, the motion shall be treated as a motion for summary judgment and disposed of pursuant to Trial Rule 56.

In this case, the OEA considered materials outside of Huffman's petition and amended petition. In its findings of fact and conclusions, the OEA relied upon materials found in Lilly's motion to dismiss and Huffman's response to that motion. "Neither a motion nor a party's response to a motion is considered a pleading." Richards-Wilcox, Inc. v. Cummins, 700 N.E.2d 496, 499 (Ind.Ct.App. 1998) (citing Indiana Trial Rule 7, which lists "pleadings" allowed). Because the OEA relied upon materials outside the pleadings, Lilly's Rule 12(B)(6) motion should have converted into one for summary judgment pursuant to Trial Rule 56.
But the materials outside the pleadings considered by the OEA do not qualify as proper Rule 56 evidence. In particular, the materials considered by the OEA in its findings of facts and conclusions were unverified factual claims located in Lilly's motion to dismiss and Huffman's response to it. "Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence." Ind. Univ. Med. Ctr., Riley Hosp. for Children v. Logan, 728 N.E.2d 855, 858 (Ind.2000). When we redact the inadmissible materials relied upon by the OEA, we find that the basis for the decision to dismiss can only be based upon the sufficiency of the legal claim Huffman stated in her petition and amended petition. In addition, we note that there is no evidence that the OEA held a hearing on the motion to dismiss. Thus, instead of reviewing this as a motion for summary judgment, we will review it as a Rule 12(B)(6) motion that was granted without reliance upon materials outside the pleadings.
[7] Even had we reviewed the OEA's decision under standards for reviewing a 12(B)(1) motion to dismiss, the result would have been the same because unsworn statements made in a motion to dismiss cannot be considered as evidence. See Sawyers v. State, 168 Ind. App. 149, 341 N.E.2d 810 (1976) (refusing to consider unverified allegations in motion to dismiss as evidence).